DANFORD R. CUSHMAN, Administrator, etc., Respondent, *v.* THE UNITED STATES LIFE INSURANCE COMPANY, Appellant.

By the terms of a policy of life insurance the statements made by the insured in his application were made part of the contract, and it was provided if any of the statements were found in any respect untrue the policy should be void. In the application the insured stated, in substance, that he had never been afflicted with a disease of the liver. In an action upon the policy evidence was given, on the part of the defendant, to the effect that twice before the issuing of the policy the deceased had been ill with congestion of the liver. Defendant's counsel, among other things, requested the court to charge that the declarations and statements in the application were warranties, and if any of them were fraudulent or untrue the plaintiff could not recover. The court refused so to charge. *Held,* error; that said statement was a warranty, a breach whereof forfeited the policy; and that the evidence was sufficient to require the submsision to the jury of the question as to whether there was a breach, *i. e.,* as to whether the deceased had had a disease of the liver.

*Cushman, Admr., etc.* v. *U. S. Ins. Co.* (4 Hun, 783) reversed.

(Argued December 1, 1875; decided December 14, 1875.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, affirming a judgment in favor of plaintiff entered upon a verdict, and affirming an order denying a motion for a new trial. (Reported below, 4 Hun, 783.)

This action was brought by plaintiff, as administrator of one Birt Cushman, deceased, upon a policy of life insurance issued by the defendant on the life of said Birt Cushman. The policy provided, among other things, as follows:

"This policy of insurance witnesseth that the United States Life Insurance Company, in the city of New York, in consideration of the representations made to them in the application for this policy, and in any statements respecting the age, health, or person or family of the person whose life is hereby assured, submitted to said company, which application and statements are hereby referred to and made part of this contract, and upon the faith of which application, statements and representations, said company doth issue this policy." Also, that "if any statements respecting the age, habits, or person or family of the person whose life is hereby assured submitted to this company, and on the faith of which declaration and statements this company doth issue this policy, shall be found in any respect untrue, then, and in every and either such case, this policy shall be void and of no effect, and this company shall not be liable for the loss."

In the application was this question: "Has the party had or been afflicted since childhood with any of the following complaints: * * * disease of the liver, kidney or brains?" to which the applicant answered, "no." Upon the trial evidence was given, on the part of defendant, tending to show that twice prior to the application the deceased had been ill with congestion of the liver, once about sixteen months and once about four months preceding the application, so as to require the services of a physician who testified, that upon the last illness he saw him four times every other day. The deceased died of congestion of the liver. Defendant's counsel, among other things, requested

the court to charge " that the declarations and statements of Birt Cushman contained in the application for the insurance are warranties, and if fraudulent or untrue, any one of them, then the plaintiff cannot recover." This the court refused, and said counsel duly excepted.

*Edgar S. Van Winkle* for the appellant. The application for insurance and the statements therein being referred to in the policy and made part of it must, with the policy, be construed as one instrument. (*Mut. Ben. L. Ins. Co.* v. *Miller*, 2 Ins. L. J., 101; *Burrett* v. *Sar. Co. Mut. F. Ins. Co.*, 5 Hill, 188; *Pierce* v. *Em. Ins. Co.*, 62 Barb., 636; *Vose* v. *Eagle Heath L. Ins. Co.*, 6 Cush., 42; *Chaffee* v. *Catt. Co. Mut. Ins. Co.*, 18 N. Y., 378; *France* v. *Ætna L. Ins. Co.*, 2 Ins. L. J., 657.) The making of the application part of the policy changed the representations into warranties. (*Murdock* v. *Chen. Co. Mut. Ins. Co.*, 2 N. Y., 210; *Valton* v. *Nat. Fund L. Ins. Co.*, 20 id., 32; *Monk* v. *U. Mut. L. Ins. Co.*, 6 Robt., 455; Aug. on L. Ins., § 307; Bliss on L. Ins., § 50.) It is immaterial whether the insured believed his answers were correct; if untrue their falsity avoided the policy. (*Rawle* v. *Am. L. Co.*, 27 N. Y., 282; *Holabird* v. *At. Mut. L. Ins. Co.*, 2 Ins. L. J., 588, 591; *Campbell* v. *N. E. Mut. L. Ins. Co.*, 98 Mass., 396; 3 Kent's Com. [11th ed.], 466; *Curry* v. *Comm. Ins. Co.*, 10 Pick., 535; *Wilbur* v. *Bowditch Ins. Co.*, 10 Cush., 446; *Kimball* v. *Ætna Ins. Co.*, 9 Al., 540; *Bryce* v. *L. F. Ins. Co.*, 55 N. Y., 240; 1 Arn. on Ins., 494, 495; Bliss on L. Ins., §§ 37, 63.) The court erred in refusing to charge that it was not necessary that the misstatements in the application should be material to avoid the policy. (*Anderson* v. *Fitzgerald*, 4 H. of L. Cas., 484; *Campbell* v. *N. E. Mut. L. Ins. Co.*, 98 Mass., 381; *Valton* v. *Nat. Fund L. Ins. Co.*, 20 N. Y., 32; *Holabird* v. *At. F. Ins. Co.*, 2 Ins. L. J., 588; *Jeff. Ins. Co.* v. *Cotheal*, 7 Wend., 62) A party seeking to enforce the rule that facts though proven are not available unless pleaded, must take this ground on the trial or he cannot avail himself of it on review. (*Voorhees* v. *Burchard*, 55 N. Y., 98.)

*Edward B. Thomas* for the respondent. The declarations of the insured in the application for insurance were mere representations and not warranties. (*Ross* v. *Bradshaw*, 2 Park. on Ins., 933; *Willis* v. *Pool*, id., 935; *Hutchinson* v. *Nat. Loan F. L. Ins. Soc.*, 17 Scot. Jur., 253; *Chattuck* v. *Shaw*, 1 M. & R., 498; *Fowkes* v. *M. and L. L. Ins. Co.*, 3 F. & F., 440; *Barteau* v. *Phœnix Mut. L. Ins. Co.*, 3 N. Y. S. C., 577; *Peacock* v. *N. Y. L. Ins. Co.*, 20 N. Y., 296; *Fitch* v. *Am. Pop. L. Ins. Co.*, 59 id., 557; *Higbie* v. *Guard. Mut. L. Ins. Co.*, 53 id., 605; *Hogle* v. *Guard. L. Ins. Co.*, 6 Robt., 573; *Watson* v. *Van Warren*, 4 Taunt., 763.)

MILLER, J. It is provided by the policy upon which this action is brought, that the application for insurance and the statements therein which are referred to in the policy, shall constitute a part of the contract. Such was evidently the plain intention of the parties; and according to well settled rules the policy and the application must be construed as if they constituted a single instrument or contract. (*Burritt* v. *Sar. Co. Mut. Ins. Co.*, 5 Hill, 188; Angell on Ins., § 141.)

The legal effect of making the application a part of the policy is, that what otherwise would be mere representations are converted into warranties. (Angell on Insurance, §§ 307, 141; *Murdoch* v. *Chenango County Mutual Ins. Co.*, 2 N. Y., 210; *Foot* v. *Ætna Life Ins. Co.*, and authorities cited, MS. opinion of EARL, Com.*)

The policy was issued in consideration of representations made in the application, and it provides that if any statements upon the faith of which the company issues the policy shall be proved in any respect untrue, that the policy shall be void.

Among other things the deceased stated, in answer to one of the interrogatories put to him in the application, that he had never been afflicted since childhood with any disease of the liver or any serious disease. This was one of the warranties included in the policy, and any violation of it was a forfeiture of the same. There was evidence upon the trial to show

* 61 N. Y., 571.

that on several occasions the deceased had been seriously ill with the disease already mentioned, which if true would constitute a breach of the warranty made in reference to that subject.

Such being the state of the case the judge erred in refusing to charge the jury, as requested by the defendant's counsel, that the declarations and statements in the application were warranties, and if any of them were fraudulent or untrue the plaintiff could not recover.

It is insisted that although the answers were in the nature of warranties there was no error, because the warranty was a restricted and limited one, and there was no sufficient evidence to show a breach of it. The argument is, that as there was no evidence of a diseased liver it was not material whether the answers were warranties. It cannot be denied that there was testimony that the deceased was ill in July, 1870, with congestion of the liver, and again in July, 1871, four months before he applied for insurance. And although it is claimed that the disease alleged was not of a serious character, and so slight as not to render the policy void on that account, it is quite sufficient that there was some evidence to submit to the jury upon that subject; and it is not unreasonable to suppose that the refusal of the judge to charge as requested may have had some effect upon the verdict of the jury. He had stated the distinction between a warranty and a mere representation, and, as in the law of insurance a representation is not a part of the contract but is collateral to it, and as the difference between them is very material (see *Burritt* v. *Saratoga County Mutual Ins. Co.*, 2 N. Y., 188; *Pierce* v. *The Empire Ins. Co.*, 62 Barb., 644), it may well be that the jury did not give that effect to the evidence to which it was entitled, and may have been misled under an impression that it showed only a representation which did not affect the right of the plaintiff to recover.

The rule is also well established that the warranties must be substantially true or the policy will be avoided; and that it is of no consequence whether the representations are mate-

rial or not, as the parties have made them material by making them a part of the contract. Even if the representations were made innocently and under a belief that they were true, it can have no bearing. (See *Foot* v. *Ætna Ins. Co.*, *supra*, and authorities there cited.)

Having in view the rules referred to, it necessarily follows that the judge erred in that portion of his charge which was excepted to, and in such of the refusals to charge as requested, to which exceptions were taken, as are in conflict with the rules last stated. The judgment must be reversed and a new trial granted, with costs to abide the event.

All concur.

Judgment reversed.

<div style="text-align:right">

63 409
116 73