GRAND RAPIDS & INDIANA R. R. Co. v. CHARLES MARTIN.

*Contributory negligence—Physician's testimony.*

It is not contributory negligence to assume that it will be safe to go through an open passage left by a railway company to give access to their depot, even though the track ends near by and is not protected by snubbing-posts.

It may be assumed that a railway company will take the utmost care to protect persons from injury in crossing a passage left by it to give access to the depot, when the passage does not actually cross the railway track.

No one is bound to keep a constant lookout against dangers which could not be expected to exist so long as ordinary care is used by those whose action only can cause them.

It is for the jury to determine whether it is not negligence in a railway company to omit means to prevent their cars from moving or being driven beyond the rails where these if extended would cross a passage way left open by the company to give access to the depot.

In an action for personal injury, sufficient evidence of plaintiff's business is admissible to show how far he is affected in it.

The statute excluding a physician's testimony as to facts learned in the treatment of a patient, is solely to enable persons to secure medical aid without betrayal of confidence ; it only establishes a privilege, and has no force where the patient consents to a disclosure.

The opinions of physicians are admissible when confined to medical inferences from hypothetical facts based on the testimony.

Cautions to the jury against the testimony of witnesses should be carefully guarded.

Error to Kalamazoo. Submitted Oct. 9. Decided Oct. 21.

TRESPASS ON THE CASE.    Defendant brings error.

*Hughes, O'Brien & Smiley* for plaintiff in error.    A physician cannot testify to information acquired in professional attendance, Comp. L., § 5943; *Briggs v. Briggs,* 20 Mich., 41; *Edington v. Mut. Life Ins. Co.,* 5 Hun, 1; *Sloan v. N. Y. Cent. R. R. Co.,* 45 N. Y., 125; experts can give opinions only when the subject is within the

range of their special experience, and where ordinary knowledge does not enable them to see what inferences should be drawn, *Manke v. People*, 24 Hun, 416; *Van Zandt v. Mut. Life Ins. Co.*, 55 N. Y., 169; *Higbie v. Ins. Co.*, 53 N. Y., 603; *Gavisk v. Pacific R. R. Co.*, 49 Mo., 274; *Chicago v. McGiven*, 78 Ill., 347; *Concord R. R. v. Greely*, 23 N. H., 237; *Muldowney v. Ill. Cent. R. R.*, 36 Ia., 473; railroad companies should use such reasonable care and diligence towards those who are not passengers as ordinary prudence demands, *B. & O. R. R. Co. v. State*, 29 Md., 252; *Same v. Breinig*, 25 Md., 387; *State v. B. & O. R. R.*, 24 Md., 84; *Brand v. S. & T. R. R.*, 8 Barb., 378.

*Henry C. Briggs* for defendant in error.   Great skill and care is required of a railway company in arranging its grounds and constructing its tracks and moving its cars, to protect persons on the grounds from injury, *Wilson v. Cunningham*, 3 Cal., 241; *Mich. Cent. R. R. v.* `Coleman`, 28 Mich., 440; *Chicago &c. R. R. v. Stumps*, 69 Ill., 409; *Hicks v. Pacific R. R.*, 64 Mo., 430; *Simmons v. New Bedford Steamboat Co.*, 97 Mass., 361; *Phil. &c. R. R. v. Derby*, 14 How., 486; *Steamboat New World v. King*, 16 How., 474; *Sherlock v. Alling*, 44 Ind., 184; *Caldwell v. N. J. Steamboat Co.*, 47 N. Y., 282; *Lake Superior Iron Co. v. Erickson*, 39 Mich.,    : 18 Am. L. Reg. (N. S.) 28; persons properly upon the grounds in business hours can recover for injuries negligently caused them by the company without their own negligence, *Tobin v. Portland &c. R. R.*, 59 Me., 183; *Knight v. Same*, 56 Me., 234; *Barrett v. Black*, 56 Me., 498; *Carleton v. Franconia Iron Co.*, 99 Mass., 216; *McDonald v. Chic. & N. W. R. R. Co.*, 26 Ia., 124; *Shepperd v. Midland R'y*, 20 W. R., 705: *Caswell v. Bost. & Worcester R. R.*, 98 Mass., 194; *Campbell v. Portland Sugar Co.*, 62 Me., 552; *Toledo, Wabash & Western R. R. v. Grush*, 67 Ill., 262; *Pittsburgh etc. R'y v. Bingham*, 29 Ohio St., 364; where a person injured on a railroad track was thrown

off his guard, his negligence is a question for the jury, *Artz v. R. R. Co.*, 34 Ia., 161; 1 Redf. Railways, 552; negligence is a question for the jury except where the standard of duty is fixed and there is no dispute as to the facts, *D. & M. R. R. v. Van Steinburg*, 17 Mich., 99; *G. R. & Ind. R'y v. Judson*, 34 Mich., 506; *R. R. v. Heileman*, 49 Penn. St., 60; *Cleveland &c. R. R. v. Crawford*, 24 Ohio St., 631; *Texas & Pacific R'y v. Murphy*, 46 Tex., 356; *Westchester R. R. v. McElwee*, 67 Penn. St., 311: 11 Am. L. Reg. (N. S.), 200; *Penn. R. R. v. Barnett*, 59 Penn. St., 259: 8 Am. L. Reg. (N. S.), 758; *Eppendorf v. Brooklyn City R. R.*, 69 N. Y., 195.

CAMPBELL, C. J.   Martin recovered a judgment of $550 damages against the railroad company for injuries suffered on their depot grounds at Kalamazoo by reason of having the wagon in which he was approaching the depot struck by a car driven from the place where it had been standing, by a freight train violently driven against it.

Martin was at the time driving through an open way or passage opened for that purpose by the company, and was conveying another person with several bushels of potatoes to the cars.  The passage was not at any place crossed by tracks, but car tracks were laid up to it on either side and were not protected by posts or other defenses.  Under the charge of the court the jury must have found that Martin was there in a lawful and usual way and at a proper time and on a proper errand. The car which struck him was when he drove in standing on the track close to the passage.  If it was protected in any way it was by brakes which gave way. It was struck by a freight train propelled by a locomotive, and was driven forcibly enough to destroy the brake-fastening if it had one, and to push it from the track so that it went against Martin's wagon and moved it on about the car's length, badly injuring Martin himself and breaking his vehicle.  His business was making

gloves and lashes, and his own part in the business was chiefly attending to cutting the gloves and seeing to the tanning, and mixing the tanning materials. His witnesses testified to serious bodily injuries producing continued effects and interfering with the conduct of his affairs.

There are several assignments of error, but the points involved are few and simple. The charge was very carefully guarded and extremely fair, and for most of the points presented there is not much occasion for discussion.

Several assignments rest on a claim that plaintiff was guilty of contributory negligence and could not recover. The jury found he was not, and we cannot discover any reason to doubt the justice of their conclusion. Certainly there was nothing entitling plaintiffs in error to have this taken from the jury. It cannot be necessarily negligence for a person who is by the invitation of a railroad company going over an open passage prepared for that very purpose to give access to their depot, to assume it will be safe. No one is bound to imagine that cars will be driven where there is no car track on a passage way which he is expected to use with his wagon. He has a right to expect that the utmost care will be used to protect passers on such a road, and that the company will use effectual measures to prevent the likelihood of any such danger. The court charged with sufficient fullness upon the care required of all persons to avoid danger in such places, and put the case to the jury quite as strongly as was proper. If the road had run across a track over which cars were run frequently or habitually, a different rule of diligence would prevail for very obvious reasons. But the law does not require men to be on a constant lookout for dangers that cannot be expected to exist so long as there is ordinary care used by those whose action is the only thing that can cause danger.

We cannot accede to the claim that there was no

evidence of negligence on the part of the railroad company. It was very plainly their duty to make it at least reasonably certain that cars should not run across the passage way. They were bound to prevent it by posts or some other obstacle, or else to adopt some other adequate arrangement to hold the cars from moving beyond the end of the rails. And they were bound to prevent such carelessness in their train drivers as would run the trains themselves over the line or drive others there. It certainly may be negligence to produce such results, and while we are not concerned in the present case to consider whether it can usually be any thing else, it is enough that the jury on the facts have found there was negligence. The criticism on the pleadings that claims evidence could not be received which showed that Martin as well as his wagon was struck, requires no comment.

We think it was competent to give such a full account of plaintiff's business as to show how far he was affected in it, and this could not be done without showing its nature and extent. There was no evidence received as a ground of damage beyond his pecuniary loss by reason of the suspension of his personal oversight and labor. There was no error in this regard.

The objection that a physician cannot reveal with his patient's consent what he has learned during his treatment, is one which if valid would render it impossible in either civil or criminal cases to use the only testimony which would show the nature and extent of disease. The statute is one passed for the sole purpose of enabling persons to secure medical aid without betrayal of confidence. It is only a question of privilege, and such communications are on the same footing with any other privileged communications which the public has no concern in suppressing when there is no desire for suppression on the part of the persons concerned.

No reason has been suggested why the opinions asked of and given by the physicians were not within such

limits as are admissible. They appear to us to be confined strictly to medical inferences from hypothetical facts presented for their consideration and based on testimony. They were properly received.

It is claimed that while the court informed the jury that they would be justified in disregarding the testimony of witnesses who willfully swore falsely, there was error in not specifically instructing them in the same way concerning willful exaggeration. We do not understand how willful exaggeration is anything but willful false swearing, and it is reasonable to suppose both court and jury would understand that they were the same. But it is well to suggest that while these cautions are very proper cautions, they belong to fact and not to law. So long as juries must determine for themselves what force to give to testimony and are not bound to reject testimony entirely, even though they believe some of it willfully false, such suggestions must be very guarded or they may become erroneous and misleading. Courts are not compelled to dwell upon or enlarge upon them. We do not see how any further cautions could be reasonably asked than were given.

We discover no other points which deserve serious consideration. The charge is extremely fair throughout and the case presents no appearance of having been attended by any improper surroundings. Such cases are sometimes affected by considerations which it would be desirable but is not easy to avoid. In the present case we think there is no reason to complain of anything appearing in the record, and the result gives no reason to suppose that the jury did not rightly understand the law laid down.

The judgment must be affirmed with costs.

The other Justices concurred.