S. K. SMITH v. T. & P. R. R.

(No. 5825.)

RAILROADS.— Liability of public for unsafe premises; special duty to parties dealing with it.

PRACTICE.— Allegations showing good cause of action sufficient to require an answer.

APPEAL from Taylor county.    Opinion by WATTS, J.

STATEMENT.— This is a suit instituted by appellant against appellee, for injury received by appellant caused by failure to have lights placed on the depot platform after dark at the company's depot at Abilene, Texas.    Said depot is surrounded by a platform of from five to eight feet in height, across and along which a person has to walk in going to and from the depot.    Appellant had bought a fine Angora goat to use as a breeder on his farm in Comanche county, and on the 9th day of August, 1882, had shipped said goat by Pacific Express Company in order to get said goat to his farm in time to use him as a breeder for the fall of 1882. Said Pacific Express Company, in consideration of the sum of $3 cash paid in advance by said Smith, undertook to deliver said goat at Cisco, in Eastland county, and on same day appellant delivered said goat to said Pacific Express Company.    Afterwards appellant was advised that divers boys were annoying, vexing, harassing and injuring said goat while being confined in a box awaiting shipment; that said box was on the depot platform before referred to.   Appellant avers that on hearing of the treatment of his goat by the boys, that he went to the depot to inform the agent of the express company, that he might put a stop to it, and that it being dark, and appellee not having any lights out, appellant, while walking as a prudent man would in the dark, tumbled off of the upper platform to the lower platform, a distance of five feet, thereby sustaining painful and serious injuries; that he was confined to his bed for three months, during all of which time appellant suf-

fered great mental and physical pain; that he was unable to work; that he was compelled to pay out $50 for medicine, $50 for medical services, $50 for nurse hire, in all $150; that he was damaged by reason of loss of time as a dentist, $1,250; also claiming $40,000 for mental and physical pain resulting from said injuries.

Appellee filed a general demurrer, which was sustained by the court, and appellant refusing to amend the suit, it was dismissed, from which ruling of the court appellant excepted, and gave notice of appeal to this court.

OPINION.— According to the case made by the appellant's amended original petition, the appellant cannot be considered a trespasser, as the express company had its only office at Abilene in the depot building of appellee, a combined passenger and freight depot also used by the express company. The petition also alleges that the express company was then under the management and control of, and operated by, appellee.

The company is required to keep its premises safe for the use of the public, where it expressly or by its conduct invites or induces such use, and is liable to such person using them who suffers an injury from defects in the premises. Coombs v. New Bedford Cordage Co., 102 Mass., 572; Kay v. P. R. R. Co., 65 Pa. St., 269; Tobin v. Portland, S. & P. R. R., 59 Me., 183; Grand Rapids & I. R. Co. v. Martin, 41 Mich., 667; Stewart v. I. & G. N. R. R., 58 Tex., 289.

"Among those to whom it is under this obligation," it is said, "are persons who come to receive or deliver freight, passengers arriving or departing by its trains, and the hackmen who carry them to and from the station, and persons on the premises to welcome the coming, and to speed the departing, guest." Newson v. N. Y. Cent. R. R., 29 N. Y., 383; New Orleans, M. & C. R. R. v. Hanning, 15 Wallace, 649; Gillis v. P. R. R., 59 Pa. St., 129; Pittsburg, Ft. W. & C. R. R. v. Bingham, 29 Ohio St., 373; Quinby v. Boston & M. R. R., 69 Me., 340.

In the language of Mr. Justice Harlan in the case of Bennet *v.* Railroad, 12 Otto, 585: "We are all of opinion that the pleadings state facts sufficient to require an answer from the defendants."

For the error in sustaining the general demurrer to appellant's amended petition and dismissing the cause, we are of the opinion that the judgment ought to be reversed and the cause remanded, and it is so ordered.