ADREVENO *v.* MUTUAL RESERVE FUND LIFE ASS'N.

(*Circuit Court, E. D. Missouri, E. D.* April 23, 1888.)

WITNESS—COMPETENCY—PHYSICIAN—WAIVER—INSURANCE POLICY.

The provisions of Rev. St. Mo. § 4017, prohibiting a physician from testifying as to any information he may have acquired from any patient while visiting him professionally, may be waived by the patient, and, when waived by a clause in an application for life insurance, such waiver is binding on the beneficiary.

At Law. Action on life insurance policy.

This was an action by Giovani B. Adreveno, plaintiff, on a certificate of insurance issued to the son of plaintiff by the Mutual Reserve Fund Life Association, defendant, for the sum of $5,000. Plaintiff was the beneficiary named in the certificate. The defendant relied upon alleged false representations in the application for the certificate as to the previous health and habits of the deceased. To prove that these representations were false, the defendant offered to introduce the testimony of several physicians, who had attended deceased prior to the date of the application. The plaintiff objected, on the ground that the witnesses were precluded from testifying under section 4017 of the Revised Statutes of Missouri. The questions and objections thereto were as follows:

"*Question.* I will now ask you with what disease he was afflicted while he was there in the hospital? Counsel for the plaintiff objected, if the information of the witness was obtained from the patient while attending him. *Q.* From whom did you get your information as to what he was afflicted with, —from him by an examination of his person, or from talking with him? *A.* Yes, sir. *Q.* Was it necessary for you to get that information in order to treat him properly? *A.* Certainly it was. Plaintiff's counsel renewed his objection."

*Collins & Jamison,* for plaintiff.

*W. C. & J. C. Jones,* for defendant.

THAYER, J., (*after stating the facts.*) I see that the application for the policy contains the following clause:

"And the applicant hereby expressly waives any and all provisions of law now existing, or that may hereafter exist, preventing any physician from disclosing any information acquired in attending the applicant in a professional capacity or otherwise, or rendering him incompetent to testify as a witness in any way whatever."

Section 4017, Rev. St. Mo., declares that "the following persons shall be incompetent to testify: A physician or surgeon, concerning any information which he may have acquired from any patient while attending him in a professional character, which information was necessary to enable him to prescribe for such patient as a physician, or do any act for him as a surgeon." It has been held in this state in three cases, viz., the case of *Groll* v. *Tower,* 85 Mo. 253; *Carrington* v. *City of St. Louis,* 89 Mo. 208, 1 S. W. Rep. 240; and *Squires* v. *City of Chillicothe,* 89 Mo. 226, 1 S. W. Rep. 23,—that section 4017, which I have

just read, renders a physician incompetent to testify as to the physical condition of a patient in those cases only where the patient or his legal representatives insist that he shall not testify. In other words, the statute is construed in this state as conferring a privilege merely, that may be waived; it is not declaratory of any public policy. The public is not concerned in excluding the testimony of a physician as to the condition of a patient, if the patient himself does not object to such disclosures. In this respect the courts of this state follow the rulings in New York and Michigan, under a similar statute, as appears by the cases of *Cahen* v. *Insurance Co.*, 41 N. Y. Super. Ct. 296; *Railroad Co.* v. *Martin*, 41 Mich. 667, 3 N. W. Rep. 173. As the patient is at liberty to waive the privilege which the law affords him, it appears to me it is immaterial whether the patient waives the privilege by calling the physician to testify in his behalf, or whether he waives it, as in this case, by a clause contained in the contract on which the suit is brought; and if the patient himself waives the privilege by a clause contained in the contract, that waiver, in my judgment, is binding on any one who claims under the contract, whether it be the patient himself or his representative. The result is that, inasmuch as the assured by this application waived the privilege which the statute affords him, the father, for whose benefit the policy was issued, and who is now suing on the contract, is bound by that waiver. I therefore hold that the testimony is admissible.