By the Court.—Freedman, J.
This action was brought upon two certificates of membership, constituting in effect policies of insurance, for $5,000 each, issued in April, 1885, to John S. Bancroft upon his life, and payable upon his death to the plaintiff. It was found by the trial judge that the certificates were so issued, and that John S. Bancroft kept and performed all the conditions appended to or contained in said certificates, except the making of true answers to the questions put to him upon his application in certain particulars specified in the'findings. In that application John S. Bancroft had declared and agreed that any untrue statement or any concealment of facts should forfeit and cancel any benefit under the contract, and the certificates provided that any misrepresentation or concealment should render them absolutely void. Each certificate further expressly declared that the application is a part of the contract, and the statements therein the assured “ adopts as his own, admits to be material and warrants to be full and true.”
*494 The opinion of the Court of Appeals (Second Division) in the present case, 120 N. Y. 14, fully recognizes the validity of these provisions, and consequently it is only necessary to see whether there was a substantial breach of any of the warranties.
In his application for insurance the assured stated that he had never been afflicted since childhood with catarrh, spitting of blood or any disease not enumerated, and that no material fact regarding his past health and condition had been omitted. The trial judge found that these statements were untrue in the following particulars, viz: (1.) that in the months of January and Feburary 1884, the said Bancroft was afflicted with the complaint of spitting of blood ; (2.) that for several years prior to March 2, 1884, the said Bancroft had been afflicted with the complaint of catarrh of the nose and larynx; and (3.) that for many years prior to March 2, 1884, the said Bancroft had suffered from disease of the throat.
There can be no doubt that, if sustained by the evidence, these findings establish a breach of warranty sufficient to avoid the contract of insurance with the authorities. Foot v. Ætna Life Ins. Co., 61 N. Y. 571 ; Cushman v. U. S. Life Ins. Co., 63 lb. 404 ; Dwight v. Germania Life Ins. Co., 103 lb. 341 ; Bancroft v. Home Benefit Assoc., 120 lb. 14.
A careful examination of the evidence has satisfied me that these findings rest upon sufficient evidence and that the ailments specified-did not exist as slight functional derangements or temporary complaints from which Bancroft recovered, but were sufficiently serious to have an important bearing upon his general health and the cause of his death within a short time after the procurement of the insurance. The evidence is quite lengthy and complicated, and a detailed statement of it here can serve no useful purpose. It is enough, therefore, to saythat it sufficiently supports the findings referred to. The case, *495 as now presented, is entirely different from what it was on the former appeal, and it is no longer subject to the criticism made upon it by the Second Division of the Court of Appeals.
The points submitted by the appellant do ■ not call upon us to review any exception taken to the admission of evidence.
The printed record does n.ot disclose sufficient facts for disturbing the award of the additional allowance which was made. If appellant’s counsel was surprised, as claimed, he should have moved upon affidavits to vacate the award and for a hearing, and, upon a denial of the motion, appealed from the order of denial.
The judgment should be affirmed with costs.
Sedgwick, Ch. J., and Ingbaham, J.. concurred.