ANNIE FOLEY, Appellant, *v.* THE ROYAL ARCANUM, Respondent.

*Verdict — when properly directed — life insurance policy — application and answers made to the medical examiner construed together, if untrue the policy void — waiver of objection to the testimony of a physician — statutes construed to be prospective — a change of a rule of evidence must not impair contract rights — date of liability upon a life insurance policy.*

If the weight of evidence upon the trial of an action is so decidedly in favor of either party that a verdict against such party would be set aside upon appeal, it is proper for the judge to direct a verdict.

By the express language of a certificate given upon an application for a policy of life insurance, statements made in the application therefor and those certified to the medical examiner of the insurer, were made a part of the contract between the insurer and the assured. Their truthfulness was warranted, and it was agreed that if they were untrue, the applicant, his family and dependents, should forfeit all benefits under the policy.

*Held*, that the two papers should be considered as a single instrument; and that the statements contained in the application and the answers made to the medical examiner were made warranties, and must be substantially true or the policy would be avoided. (Per BROWN, J.)

When upon the trial of an action brought upon a life insurance policy it appears that prior to the amendment of section 836 of the Code of Civil Procedure in 1891, there was an express waiver by an assured of the provisions of the Code, and a consent that any physician otherwise disqualified might testify concerning his health and physical condition, the testimony of the attending physician of the assured is properly admitted in evidence.

Laws must be construed so as to be prospective and not retrospective in their operation unless they are specifically made applicable to past transactions. (Per BROWN, J.)

The Legislature has the power to change a rule of evidence, but it cannot make the new rule applicable to a past transaction if its effect is to impair the obligation of a contract. (Per BROWN, J.)

Where a contract of life insurance was delivered and thereafter the assured died, the liability of the insurer must be adjudged upon the agreement as it stood at the time of the decedent's death. (Per BROWN, J.)

APPEAL by the plaintiff, Annie Foley, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Orange on the 21st day of April, 1892, upon the dismissal of the complaint directed by the court after a trial at the Orange Circuit before the court and a jury, with notice of an intention to bring up for review on such appeal the order of the court dismissing the complaint and all the exceptions taken on the trial.

*John M. Gardner*, for the appellant.

*S. M. Lindsley*, for the respondent.

BROWN, P. J. :

This action was brought to recover upon a benefit certificate issued by the defendant to Jeremiah B. Foley and made payable upon his death to the plaintiff, who was his wife.

By the terms of the certificate the statements made by Foley in his application for membership in one of the defendant's councils and the statements certified by him to the medical examiner, both of which were filed in the supreme secretary's office, were made a part of the contract.

The application contained the following : " I   *   *   *   have no injury or disease which will tend to shorten my life ; am now in good health   *   *   * ; I do hereby warrant the truthfulness of the statements in this application, and consent and agree that any untrue or fraudulent statement made therein or to the medical examiner   *   *   *   shall forfeit the rights of myself and my family   *   *   *   to all benefits."

To the medical examiner he stated that he had never had any serious illness or injury, or undergone any surgical operation, and never had been subject to or had difficulty in urinating, excessive or scanty secretion of urine ; never had hemorrhoids or any disease of the genital or urinary organs, and he warranted the truthfulness of the statements so made.

The defense was that these statements were false. And upon the trial it appeared by the testimony of the physicians who had treated and prescribed for Foley prior to the application for membership in the council of defendant, and by other witnesses who knew him intimately and saw him frequently, and to some of whom he had made statements as to his health, that for some months prior to his application he had hemorrhoids, also a disease of the urinary organs and difficulty in urinating.

That he suffered severely from these diseases was clearly established if the testimony of the defendant's witnesses were to be believed, and the inference was also permitted from the evidence that he had been a patient in Roosevelt Hospital in the month of November, 1889.

SECOND DEPARTMENT, MAY TERM, 1894.        [Vol. 78.

The application for membership was made in March, 1890. The certificate was issued on the fifth of April following, and in June following he became a patient in the New York Hospital, where a surgical operation was performed upon him, and where, a few weeks later, he died.

The learned trial judge held that the falsity of the statements made in the application was established by uncontradicted evidence, and as a result the plaintiff could not recover.

The appellant asks to have the judgment reversed on the following grounds:

*First.* That the statements referred to were not warranties, but representations, and the question of their materiality was thus presented, and should have been determined by the jury.

*Second.* That there was a conflict of testimony upon the question of their truth or falsity.

*Third.* That evidence of physicians who had attended Foley in a professional capacity was admitted contrary to the provisions of the Code of Civil Procedure.

It is, I think, of no importance on this appeal whether the statements be regarded as representations or warranties. Their materiality to the risk is apparent, and if untrue the policy was avoided.

But the trial court properly held that the statements were warranties.

By the express language of the certificate the statements made in the application and those certified to the medical examiner were made a part of the contract. Their truthfulness was warranted, and it was agreed that if they were untrue the applicant and his family and dependents should forfeit all benefits thereunder. The two papers were, therefore, to be construed as a single instrument, and all the statements contained in the application and the answers made to the medical examiner were thus made warranties and must be substantially true or the policy will be avoided. (*Foot* v. *Ætna Life Ins. Co.,* 61 N. Y. 571; *Cushman* v. *U. S. Life Ins. Co.,* 63 id. 404; *Phœnix Life Ins. Co.* v. *Raddin,* 120 U. S. 183.)

There was no substantial contradiction of the testimony introduced by the defendant. The plaintiff's evidence was drawn chiefly from the friends and associates of Foley, and showed nothing more than

that they had not observed, in his daily conduct, indications of the sickness for which physicians had treated him. The certificate of Dr. Taylor, the medical examiner of the defendant, spoke only of his examination at the time of the application, and had no necessary tendency to show a condition of health during the year 1889. All this evidence was negative in its character and raised no question for the jury to consider.

The testimony of Foley's attending physicians was properly admitted under the conditions and stipulations of the contract. (*Matter of Coleman,* 111 N. Y. 220 ; *Alberti* v. *N. Y., L. E. & W. R. R. Co.,* 118 id. 77.)

There was an express waiver by the assured of the provision of the Code and a consent that any physician otherwise disqualified might testify concerning his health and physical condition.

The amendment of section 836 of the Code of Civil Procedure in 1891, providing, in substance, that the provisions of the three prior sections could only be waived on the trial, assuming it has the effect claimed for it by the appellant, has no application to this case.

Laws must be construed so as to be prospective, and not retrospective, in their operation, unless they are specifically made applicable to past transactions (*People ex rel. Newcomb* v. *McCall,* 94 N. Y. 587), and there is no evidence that this amendment was intended to apply to old cases.

Moreover, at the time of its enactment the rights of all parties were fixed. The contract was made effective by delivery in April, and the insured died in July, 1890. The defendant's liability must be adjudged upon the agreement as it then stood. It was entirely competent for the parties to stipulate what evidence should be received as to any fact upon which the defendant's liability was made conditional, and the Legislature could not change or impair the obligation.

To exclude the right to avail itself upon the trial of the evidence of the attending physicians would be to destroy the contract made by the parties and impose an obligation upon the defendant which it had not assumed.

The Legislature could change the rule of evidence, but it could not make the new rule applicable to a past transaction if its effect was to impair the obligation of a contract.

No other question needs consideration.

The judgment must be affirmed, with costs.

PRATT, J.:

The rule is well settled that upon the trial of a case at Circuit, if the weight of evidence is so decidedly in favor of either party that a verdict against such party would be set aside, it is proper for the judge to direct a verdict.

In this case the weight of evidence was so decidedly against the plaintiff that a verdict in her favor would have been immediately set aside, and the judge very properly dismissed the complaint upon the merits.

The action was upon a mutual or fraternal certificate or policy issued by the defendant to the husband of the plaintiff. Prior to the issuance of the certificate there was an application and medical examination which, by the terms of the certificate, were made a part of the contract.

Under the questions and answers contained in the examinations and signed by the deceased was the following clause: " I hereby *warrant* the truthfulness of all the answers given to the above questions." The court was clearly right in holding that this was a warranty. (*Ripley* v. *Ætna Ins. Co.*, 30 N. Y. 157; *Clemans* v. *S. A. R. S. of G. F.*, 131 id. 485; 1 Biddle on Ins. § 543, and other cases too numerous to refer to.)

It was proved beyond question that these answers, in many particulars, were false and fraudulent. These matters avoided the certificate. It is immaterial whether the answers made by the assured were considered as warranties or representations to obtain the certificate; if false they equally avoid the contract. (*Cushman* v. *U. S. Life Ins. Co.*, 63 N. Y. 408; *Higbie* v. *Guard. Mutual Ins. Co.*, 53 id. 603; 1 Biddle on Ins. § 531.)

The weight of evidence was so clearly in favor of the defendant that no other course was open to the court, except to dismiss the complaint. (*Dwight* v. *Germania L. Ins. Co.*, 103 N. Y. 341, and cases there cited.)

What I have now stated is upon the assumption that the court was right in permitting the doctors to testify as to the information they acquired while attending the insured in a professional capacity.

We think the court in this respect committed no error, as the privilege contained in section 834 of the Code of Civil Procedure had been expressly waived by the insured. ·

In the application for insurance, which is made a part of the contract, are the following words : " And for myself and for any person accepting or acquiring any interest in any benefit certificate issued on this application, I hereby *expressly* waive any and all provisions of law now existing, or that may hereafter exist, preventing any physician from disclosing any information acquired in attending me in a professional capacity, or otherwise, or rendering him incompetent as a witness in any way whatever, and I hereby consent and request that any such physician testify concerning my health and physical condition, past, present or future."

There can be no doubt that such a waiver was effective and had reference to a trial upon the policy after the death of the insured, as there could be no occasion to use it until such time. (*Matter of Coleman,* 111 N. Y. 220, 228 ; *Alberti* v. *N. Y., L. E. & Western R. R. Co.,* 118 id. 77 ; *Rosseau* v. *Bleau,* 131 id. 177, 184 ; *Cahen* v. *Ins. Co.,* 41 N. Y. Super. Ct. 296 ; *Grand Rapids, etc., R. R. Co.* v. *Martin,* 41 Mich. 671 ; *Adreveno* v. *Mutual Reserve Fund Life Assn.,* 34 Fed. Rep. 870, U. S. Cir. Ct. E. D. of Missouri.)

This agreement to waive the privilege was an essential part of the contract, as much so as the payment of the premium.

The defendant was not prevented from showing what were the real facts by the production of the medical certificate of its own medical examiner any more than it would have been from showing that any witness it put upon the stand was mistaken or incorrect upon some point in his testimony, so long as it was not done to impeach him.

No point is made by the plaintiff as to change of beneficiary, or that the declarations of the insured were not properly received in evidence.

There are no other points raised that require notice.

The judgment should be affirmed, with costs.

DYKMAN, J., concurred.

Judgment affirmed, with costs.