(36 Misc. Rep. 578.)

SULLIVAN v. FRATERNAL SOCIETIES' CO-OPERATIVE INDEMNITY
UNION.

(Supreme Court, Trial Term, Kings County.   December, 1901.)

**1.** INDEMNITY INSURANCE—CONDITIONS PRECEDENT.

Defendant agreed to indemnify plaintiff for 1 year against embezzle-
ments of its collector, provided same were committed and discovered
within the year, and reported within 30 days thereafter.   *Held*, that
such stipulation was a condition precedent to right of action on the
certificate, and need not be pleaded as a defense.

**2.** SAME—CONSTRUCTION.

A condition in an indemnity certificate securing plaintiff for embezzle-
ments of a collector, that plaintiff should, if required, prosecute de-
faulting officer to conviction, is satisfied by a judgment against insured
in a civil case, and does not require criminal prosecution.

**3.** SAME—APPLICATION—FALSE STATEMENT.

A false statement, in an application for a certificate of indemnity
against embezzlement of a collector of the insured, that he had kept
just and true accounts, and made prompt returns, and was not indebted
to the insured, is material, and a defense to an action on the certificate,
though the statement was made honestly.

Action by Alexander J. Sullivan, president of St. Anthony Coun-
cil, No. 104, Catholic Benevolent Legion, against the Fraternal So-
cieties' Co-operative Indemnity Union, on two certificates, under
which it became liable for any fraud or dishonesty of Francis O.
Linz, collector of said council.   Judgment for defendant.

The certificates provided that defendant should pay the amount, provided
embezzlements are committed and discovered during the year the certificate
runs, and reported to the union within 30 days thereafter, or within 30 days
after the default, death, resignation, or expiration of the term of office of
such defaulting officer.   In the written application of plaintiff council for the
certificate was a statement that the collector had never been in default as
an officer, had always made prompt returns, and kept true accounts.   The
evidence showed that, during the entire first year covered by the certificates,
the collector embezzled about $565, and that in the ensuing year, prior to his
suspension, he embezzled about $150.

F. A. Ward, for plaintiff.
Thomas C. Byrnes, for defendant.

GAYNOR, J.   1. The provision of the certificate that the de-
fendant is to be liable provided embezzlements are committed and
discovered during the year covered by the certificate and reported
to the defendant within 30 days thereafter, is a condition precedent
to the plaintiff's right of action.   Therefore the defendant did not
have to plead its nonperformance as a defence in order to raise an
issue thereon.   On the contrary, its performance had to be alleged
in the complaint, and proved if denied in the answer; and it was
so alleged and denied.   McManus v. Assurance Co., 22 Misc.
Rep. 269, 48 N. Y. Supp. 820; Id., 43 App. Div. 550, 48 N. Y.
Supp. 820, 60 N. Y. Supp. 1143.   The discovery of the embezzle-
ments committed in 1899 was not made until August 14, 1900, and
it was reported to the defendant the same day.   It follows that
there can be no recovery of the sums embezzled in 1899, for such
is the contract, i. e., the certificate of 1899.

2. The certificate of 1900 contains a provision that made it obligatory on the plaintiff council to "prosecute the defaulting officer to conviction or judgment" for the embezzlements if required to do so by the defendant, and makes compliance with such requirement when made a condition precedent to a right of action. The defendant served a written notice on the plaintiff council requiring it "to prosecute the said officer and convict him of the embezzlement you claim." Thereupon the plaintiff brought a civil action against the said collector to recover the amount embezzled and recovered judgment therefor. The defendant claims that the requirement of the policy is that a criminal prosecution and conviction be had. The words of the certificate, "prosecute" to "conviction or judgment," being uncertain, and susceptible of two interpretations to say the least, that of the insured is the one to be adopted. Gough v. Davis, 24 Misc. Rep. 247, 52 N. Y. Supp. 947.

. 3. In respect of the certificate for 1900, it is also claimed that the statement of the plaintiff council in its written application therefor that the official to be reinsured as collector had always kept just and true accounts, and made prompt returns, and was not indebted in any way to the said council, and in terms warranted in such application to be true, is a part of the contract; and that such warranty being broken there can be no recovery on such certificate, regardless of the materiality of the fact warranted. This is the rule in respect of a warranty in the contract; but here it is not a part of the contract, for it is not made such by the certificate, which is the contract. Burritt v. Insurance Co., 5 Hill, 188, 40 Am. Dec. 345; Cushman v. Insurance Co., 63 N. Y. 404.

But such statement though not a warranty was manifestly material, and its falsity is therefore a defence to the action, and has been pleaded as such. It does not matter that it was innocently made; it is not necessary that it should have been fraudulent. Armour v. Insurance Co., 90 N. Y. 450.

Judgment for the defendant.