KAROLINE SCHANE, Respondent, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

*Life insurance policy — when statements to the medical examiner appearing in the application therefor are warranties — their being warranties, their materiality and the breach of the warranties if they are untrue are not questions to be decided by the jury.*

Where a policy of life insurance declares that the answers and statements contained in the application therefor are "hereby made a part of this contract" and the application contains the following statements: "It is hereby declared, agreed and warranted by the undersigned: That the answers and statements contained in the foregoing Application and those made to the Medical Examiner, as recorded in Parts A and B of this sheet, together with this declaration, shall be the basis and become part of the contract of insurance with the Metropolitan Life Insurance Company; that they are full and true and are correctly recorded," and, also, "that *any* false, incorrect, or untrue answer, * * * shall render the Policy null and void, and forfeit all payments made thereon," the statements made to the medical examiner are warranties and not mere representations.

The question whether or not such statements were warranties within the terms of the contract is one of law. It is error for the court to submit to the jury the question whether such warranties were or were not material or whether, if such statements were untrue, there was or was not a breach of the warranty contained in the contract.

APPEAL by the defendant, the Metropolitan Life Insurance Company, from a judgment of the Supreme Court in favor of the plain-

tiff, entered in the office of the clerk of the county of Ulster on the 18th day of February, 1902, upon the verdict of a jury, and also from an order entered in said clerk's office on the 13th day of February, 1902, denying the defendant's motion for a new trial made upon the minutes.

The action is on a policy of life insurance. The defense is based upon the breach of warranties of certain statements made by the deceased to the medical examiner. The verdict was for the plaintiff, and from the judgment entered thereon and from an order denying a new trial this appeal is taken.

*John W. Searing,* for the appellant.

*John J. Linson* and *Newcomb & Metzger,* for the respondent.

PARKER, P. J.:

The policy upon which this action is brought distinctly declares that the answers and statements contained in the application for the policy are "hereby made part of this contract." The policy itself is executed by the company, and seems to contain the obligations assumed by the company only. The application is a writing signed by the party for whose benefit the insurance is proposed and by the person whose life is insured; and one of its purposes seems to be to specify the obligations which they, on their part, assume; and together they make the contract between the parties.

The application in this case contains the following agreement: "It is hereby declared, agreed and warranted by the undersigned: That the answers and statements contained in the foregoing Application and those made to the Medical Examiner, as recorded in Parts A and B of this sheet, together with this declaration, shall be the basis and become part of the contract of insurance with the Metropolitan Life Insurance Company; that they are full and true and are correctly recorded." It also further provides, "that *any* false, incorrect, or untrue answer, * * * shall render the Policy null and void, and forfeit all payments made thereon."

Thus it will be seen that the answers and statements made to the medical examiner and which are written down in Part B, so called, upon the same sheet as the application, are distinctly made a part of the *contract* between the parties, and they are in such applica-

tion distinctly warranted to be full and true. It seems clear that, in this case, both the plaintiff and her deceased husband have so agreed, over their own signatures, and such Part B is thereby made a part of the application, specifying the certain answers to the medical examiner which, by the express terms of the application itself, are warranted to be true.

Any person who read the policy would naturally look to the application to ascertain the rest of the contract, and any one who read and signed the application would as easily understand that it included within the scope of its provisions and warranty the answers contained in such Part B.

In this respect the *contract* between these parties is different from the ones referred to in *Fitzgerald* v. *Supreme Council* (39 App. Div. 251) and *Boehm* v. *Commercial Alliance Life Ins. Co.* (9 Misc. Rep. 529; affd. in Court of Appeals, 152 N. Y. 654), and hence such cases are not authorities controlling this case. In this case the statements made to the medical examiner are by express reference to them in the policy incorporated in the contract, and the provision in the application in express terms that they are warranted to be true makes them warranties and not mere representations.

The defense in this action is based upon the claim that several answers to questions contained in the medical examination and recorded in Part B, indorsed upon this application, were untrue. Taken together, these answers amount to a statement on the part of the insured that he had not had " any illness " since childhood, and that he had had no medical attendance since then ; that he had no usual medical attendant, and had not been confined to his house by illness since his childhood; and that he had never consulted his usual medical attendant nor any other physician. On the trial one Dr. Decker testified to the effect that during a period of several years prior to the date of this policy he attended the deceased as a physician ; that he was called to attend him. To the best of his recollection it was three or four times. The doctor was not allowed to testify to the nature of the trouble for which he attended him, and it nowhere appears in the case what the ailment was. There was evidence in the case tending to contradict this statement of the doc-

tor and some tending to sustain it. The court instructed the jury to the effect that, if they found that neither Dr. Decker nor any other physician attended the deceased prior to his statements above referred to, as a physician, then their verdict should be for the plaintiff; that if they found that Dr. Decker, or any other physician, did attend him as a physician, "and that that constituted a breach of warranty contained in this policy which has been read to you, then your verdict will be for the defendant;" that, if they found that Dr. Decker did attend deceased prior to his making such statements "and that *that* was not a *material fact* or not a breach of the warranty contained in this contract of insurance and the guarantee that was attached to the application," then they might find a verdict for the plaintiff.

Here was a manifest error. Assuming, as we must, that the statements so made by the deceased were warranties and not mere representations, it was not within the province of the jury to determine whether they were or were not material; nor was there any question for a jury as to whether, if such statements were untrue, there was or was not a breach of the warranty contained in the contract. "Whether a warranty be affirmative or promissory, the effect of a breach thereof upon the validity of the contract does not depend upon the materiality of the facts warranted; the stipulation of warranty is in effect an agreement that the facts warranted are material to the risk, and precludes any inquiry into the question of materiality." (16 Am. & Eng. Ency. of Law [2d ed.], 920; *Clements* v. *Connecticut Indemnity Co.*, 29 App. Div. 131, 135; *Cushman* v. *United States Life Ins. Co.*, 63 N. Y. 404, 408; *Clemans* v. *Supreme Assembly Royal Society of Good Fellows*, 131 id. 485, 488.)

Whether or not such statements were warranties within the terms of the contract was a question of law for the court. (*Dwight* v. *Germania Life Ins. Co.*, 103 N. Y. 341.) The court seems to have construed them as warranties, for it calls them warranties all through its charge, and no exception seems to have been taken by the plaintiff to that conclusion. Indeed, the question as to their being mere representations, and not warranties, does not seem to have been taken upon the trial, but to be raised for the first time on this appeal. But the idea of the court seems to have been that, if the

jury found that such warranties were of an immaterial fact, or that the breach shown was immaterial in its nature and extent, then the plaintiff might recover, although the statement that he warranted to be true was in fact untrue. The defendant's counsel took exception to this charge and also asked that the jury be instructed to find for the defendant if they found that Dr. Decker attended the deceased prior to the date of his statements. This the court declined to do. Thus not only the question as to whether Dr. Decker had attended the deceased professionally was left to the jury, but also as to whether, if he had, it established the breach of a material warranty. This, as shown by the authorities above cited, was error.

The jury found for the plaintiff, but upon which theory they did so we cannot tell; therefore, their verdict cannot be allowed to stand. Without considering the other questions raised by the appellant, the judgment must for this reason be reversed.

All concurred.

Judgment and order reversed and new trial granted, with costs to appellant to abide event.