(99 App. Div. 103)

## WINN v. PROVIDENT LIFE & TRUST CO. OF PHILADELPHIA, PA.

(Supreme Court, Appellate Division, Third Department. November 16, 1904.)

1. LIFE INSURANCE—APPLICATION—REPRESENTATIONS—WARRANTY.

Where, by·the terms of a policy, the application was made a part of it, and by the application insured declared that his answers to the questions contained therein were true, and agreed that, in case any statement was untrue or fraudulent, the policy should become null and void, the answers to material questions became warranties.

2. SAME—AGE.

In an action on a life insurance policy, evidence *held* insufficient to support a finding that plaintiff had not understated his age in the application.

3. SAME—CONDITION OF HEALTH.

Where, prior to. the making of an application for insurance, insured applied to a sanitarium for treatment for alcoholism, and was there treated until a complication of diseases required that the treatment be discontinued, whereupon insured left the hospital, during which time his nerves and physical condition were such that he remained in bed most of the time, and in his application for treatment at such institution he stated that he had drunk for 14 years to the extent of 25 drinks a day, a statement in his application for the policy that he had never been seriously ill was false and fraudulent.

Appeal from Trial Term, Ulster County.

Action by Ellen J. Winn against the Provident Life & Trust Company of Philadelphia, Pa. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Amos Van Etten, for appellant.

E. Metzger (John J. Linson, of counsel), for respondent.

HOUGHTON, J. The action is upon a policy of insurance issued by the defendant upon the life of Frank T. Winn, payable to the plaintiff, his wife. The policy was issued the 23d day of January, 1902, and the insured died eight days thereafter. The appellant insists there was no valid issuing of the policy, for the reason the first premium had not been paid, and because the policy had been surrendered before the death of the insured. We think there was a binding credit given for the payment of. the premium, and that there was no legal surrender of the policy.

The verdict of the jury cannot be allowed to stand, however, for the evidence is overwhelming that material statements made by the insured in his application were false. By the terms of the policy the application is made a part of it, and by the application the insured declared that the answers given by him were true, and agreed that, in case any statement was untrue or fraudulent, the policy should become null and void. The answers, therefore, to material questions, became warranties, and, unless they were substantially true, there can be no recovery on the policy. Cushman v. U. S. Life Ins. Co., 63 N. Y. 404; Dwight v. Germania Life Ins. Co., 103 N. Y. 341, 8 N. E. 654, 57 Am. Rep. 729.

To the inquiry as to his age at his nearest birthday the insured answered, "Thirty-four years." The defendant produced the record of his birth contained in the baptismal register of the Roman Catholic Church of the parish in which his father and mother lived at the time. This record shows that he was 37 years of age on his last birthday before the application. In addition to this, the insured himself had signed a statement when he applied to be admitted to a sanitarium for treatment for the liquor habit, which showed he was at least 36 years of age at the time he stated he was only 34. The plaintiff herself, although stating that the insured was only 34, yet, upon comparing his age with her own, and her birthday in May with his in November, made his age 36 years. A sister of the insured, sworn in behalf of the plaintiff, made his age 34 years; but upon a previous trial, comparing his age with her own, had testified that he was older. The policy contained no provision that, in case of understatement of age, it should be valid at a greater premium. The evidence was so preponderating that the insured was older than he stated at the time of his application that the jury were not justified in finding that his statement as to his age was true.

In addition, the insured was asked a series of questions as to whether he had had specific diseases, or symptoms of them, amongst which was the inquiry as to whether he had had any affection of the nervous system, or had ever been seriously ill; to all of which he answered "No." Then followed an inquiry asking him to name his family physician or usual medical attendant, and to also name any other medical attendants whom he may have had within 10 years, or for any serious complaint or protracted illness. To this inquiry he stated that he had had no regular physician, but named a Dr. Little, giving his residence. The uncontradicted evidence shows that in February, 1896, the insured applied to the Baker-Rose Sanitarium for treatment for alcoholism, and was there treated by Drs. Trigg and Marshall until a complication of diseases became manifest, and treatment was discontinued, and he left the institution. During this time his nervous and physical condition was such that he remained in bed most of the time. In his application for treatment in that institution he stated that he had drank for 14 years and that he was taking 25 drinks daily. The purport of these questions was to obtain a history of his ailments and the medical services which he had required. It is true that he only partially answered the question with respect to his physicians, and that, therefore, it cannot be said that he made a false statement because he made no statement at all; yet he did state that he had never been seriously ill, or had any affection of the nervous system. It can hardly be said that a man who is so addicted to the liquor habit that he takes 25 drinks daily, and enters an institution for alcoholism, and treatment is discontinued because his physical and nervous condition is such that the treatment cannot be continued, and he is so prostrated that he remains in bed most of the time, has never been seriously ill. The appellant was entitled to know these facts, and the concealment of them was fraudulent.

While there is no direct inquiry calling for a disclosure as to whether or not the applicant has been treated for alcoholism, it was a material fact, which the insured concealed. We think the facts show that he was in fact seriously ill during the treatment, and that his statement that he had never been seriously ill was false. For these reasons, as well as those pointed out with respect to his age, we think the motion for a new trial should have been granted.

The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur; SMITH, J., in result.