EMMA K. TUNNARD, Appellant, *v.* SUPREME COUNCIL OF THE ROYAL ARCANUM, Respondent.

Second Department, May 26, 1922.

Insurance — life insurance — defense of breach of warranty that insured had not received medical treatment within one year before application for reinstatement — treatment at office of doctor constitutes medical treatment — false statements as to medical treatment good defense — attendance by doctor was for substantial disorder.

To constitute medical attendance within the meaning of a warranty in an application for reinstatement for life insurance, that the insured had not "received medical treatment of any kind within one year," it is not necessary that a physician should have attended the applicant at his home; attendance at the office of a physician is sufficient.

A false statement as to whether the applicant has consulted or been attended or treated by a physician is material to the risk, and is a good defense in an action to recover on the policy, especially where it is warranted to be true.

The insured was treated by a physician for a substantial disorder as distinguished from a mere temporary indisposition where it appears that he applied at the office of a physician twice during the month preceding his application for reinstatement and received a prescription from the physician for a complication of ailments of an apparently serious nature.

APPEAL by the plaintiff, Emma K. Tunnard, from an order of the Supreme Court, made at the Westchester Trial Term and entered in the office of the clerk of the county of Westchester on the 12th day of January, 1920, setting aside the verdict of a jury in favor of the plaintiff and dismissing the complaint, and also from a judgment in favor of the defendant entered in said clerk's office on the same day upon said order dismissing the complaint.

*Brennan, Curran & Bleakley,* for the appellant.

*Uriah W. Tompkins,* for the respondent.

Order setting aside verdict in plaintiff's favor and judgment dismissing the complaint unanimously affirmed, with costs, on the opinion of SEEGER, J., at Trial Term.

Present — BLACKMAR, P. J., RICH, KELLY, JAYCOX and MANNING, JJ.

The following is the opinion delivered at Trial Term:
SEEGER, J.:

This is an action brought to recover upon a policy of life insurance. The defendant denies liability upon the ground that at the time of his application for reinstatement, which was dated March 25, 1918, the insured represented and warranted that he had not " received medical treatment of any kind within one year next preceding this application for reinstatement."

The evidence showed that he had called upon Dr. Wolff at his office on February 10, 1918, and " complained at that time of shortness of breathing, pain in the right arm shooting down to the fingers, headache and pressure feeling in his head, frequency of urination, passing large amounts of urine frequently," and the doctor gave him a prescription containing several ingredients. Dr. Wolff testified that on February 17, 1918, the insured called upon him again and " complained of pain between the shoulders radiating to the left breast, darting pains in the right hand and arm, drowsy, general weakness; the bowels were constipated, appetite poor," and that he also prescribed for him at that time, and requested the insured to bring a specimen of urine for analysis the following day, which was done. He died in the month of May following.

To constitute medical attendance it is not requisite that a physician should attend the patient at his home. An attendance at his office is sufficient. (*Cushman* v. *United States Life Ins. Co.,* 70 N. Y. 72, 78; *White* v. *Provident Savings Life Assur. Soc.,* 163 Mass. 116.).

The statement made by the insured to the effect that he had

not received medical treatment at any time within one year was, therefore, false.  A false statement as to whether applicant has consulted or been attended or treated by a physician is material to the risk and will defeat a recovery, especially where it is warranted to be true.  (25 Cyc. 816; *Schane* v. *Metropolitan Life Ins. Co.,* 76 App. Div. 271; *Kasprzyk* v. *Metropolitan Life Ins. Co.,* 79 Misc. Rep. 263; *Lewis* v. *N. Y. Life Ins. Co.,* 201 Mo. App. 48; 209 S. W. Rep. 625; *Germania Life Ins. Co.* v. *Klein,* 25 Colo. App. 326; *Cobb* v. *Covenant Mutual Benefit Assn.,* 153 Mass. 178; *White* v. *Provident Savings Life Assur. Soc., supra; Dwyer* v. *Mutual Life Ins. Co. of N. Y.,* 72 N. H. 572.)

The plaintiff contends that the warranty that the insured had not received medical attention within a year was not untrue, and bases this contention upon a line of cases which have held that treatment for a mere indisposition does not constitute medical attention within the meaning of the contract, citing 25 Cyc. 817; *Valentini* v. *Metropolitan Life Ins. Co.* (106 App. Div. 487) and *Genung* v. *Metropolitan Life Ins. Co.* (60 id. 424).

In these cases the court held that the attendance must have been for some substantial disorder and not for a mere functional and temporary indisposition and that it was a question for the jury to determine whether the ailment for which the insured was treated was of such character or not, and whether there was a breach of warranty.

In *Valentini* v. *Metropolitan Life Ins. Co.* (*supra*) the decedent had been treated by a physician for nervousness a number of times, and in *Genung* v. *Metropolitan Life Ins. Co.* (*supra*) the decedent was treated for a cold by a doctor within the time which said decedents had warranted they had not been treated by a physician.

In *Cushman* v. *United States Life Ins. Co.* (70 N. Y. 72) the court held that a temporary ailment cannot be considered a disease, within the meaning of a warranty against disease in a policy of life insurance, unless it be such as to indicate a vice in the constitution, or so serious as to have some bearing upon general health and the continuance of life, or such as according to common understanding would be called a disease, and that whether the insured had had congestion of the liver and whether such congestion was of such character as to constitute a disease of the liver within the meaning of the policy were both questions properly submitted to the jury, and their determination thereon is conclusive.

The court further held in this case that in construing contracts words must have the sense in which the parties used them, and to understand them as the parties understood them the nature of

the contract and the objects to be attained and all the circumstances must be considered.

Giving full consideration to these cases cited by the plaintiff, it seems to me that the case at bar presents a different state of facts. The warranty in question was that he had not received medical treatment of any kind within one year. The fact is that he had been treated by Dr. Wolff twice during the month immediately preceding his application for reinstatement. He was suffering from a variety of ailments at the time and took the doctor's prescription therefor. It cannot be said that he had not had medical treatment of " any kind " within one year.

It seems to me that the false representation was material and that a verdict should have been directed in favor of the defendant. The verdict in favor of the plaintiff should be set aside and the complaint dismissed.