# JUNE TERM, 1890.[*]

FREDERICK ENGEL v. LORING N. SMITH AND GEORGE W. BRABB.

*Negligence—Dangerous premises—Failure to guard trap-door—Evidence—Contributory negligence.*[1]

1. Trap-doors, elevator shafts, and similar openings in floors have long been a usual and necessary part of the appliances of business in most warehouses, manufactories, and other business buildings; and the mere fact of their existence and use is no evidence of negligence. But they are dangerous openings, which fact makes it the duty of those maintaining them to properly guard them when open, and, where this cannot be done by means of railings, it has been held that the owner is bound to give actual notice of the danger to every person lawfully approaching the place, in default of which he is liable for all injuries resulting therefrom; citing Shear. & R. Neg. § 719, and cases cited.

2. It is a sound rule of law that it is not contributory negligence not to look out for danger when there is no reason to apprehend any; citing Beach, Contrib. Neg. 41, and cases cited; and every one has a right to presume that others, owing a special duty to guard against danger, will perform that duty; citing *Railroad Co. v. Martin*, 41 Mich. 667.

3. Where the question of contributory negligence is not free from doubt, the facts should be submitted to the jury; citing *Palmer v. Harrison*, 57 Mich. 183; *Dundas v. Lansing*, 75 Id. 499.

4. Where, in a negligence case, the injury complained of resulted from the negligence of the defendants' employés in not properly guarding an open trap-door which they were using, it is

---

[*] Continued from Vol. 81.
[1] For full digest of points decided, see *Table of Cases Reported.*

| 82 | 1 |
|---|---|
| 90 | 573 |
| 90 | 614 |
| 82 | 1 |
| 97 | 237 |

| 82 | 1 |
|---|---|
| 104 | 349 |

| 82 | 1 |
|---|---|
| 109 | 306 |
| 109 | 313 |

| 82 | 1 |
|---|---|
| 118 | 208 |

| 82 | 1 |
|---|---|
| f121 | 587 |

| 82 | 1 |
|---|---|
| 123 | 164 |

| 82 | 1 |
|---|---|
| s46NW | 21 |
| s21ASR | 549 |
| 129 | ³484 |

| 82 | 1 |
|---|---|
| s46NW | 21 |
| s21ASR | 549 |
| 130 | ²292 |

not error to exclude testimony showing instructions from defendants to so guard it.

Error to Macomb. (Canfield, J.) Argued June 6, 1890. Decided July 2, 1890.

Negligence case. Defendants bring error. Affirmed. The facts are stated in the opinion.

*Eldredge & Spier,* for appellants, contended:

1. There can be no possible question but that the accident would have been avoided by a little more caution on the part of the plaintiff; and the means of his doing so were within his observation and reach. Under such circumstances the court should have directed a verdict in favor of defendants; citing *Palmer v. Harrison,* 57 Mich. 183; *Hutchins v. Sleigh Co.,* 61 Id. 252.

2. If plaintiff, in going in through the back door, saw that the trap-door was open, and yet undertook to pass, he assumed the risk of so doing. One who voluntarily exposes himself to an evident risk, caused by another's negligence, cannot recover for resultant injuries; citing *Cook v. Johnston,* 58 Mich. 437.

3. There is no negligence, in a legal sense, unless there is a violation of a legal duty to exercise care. The duty may exist as to some persons and not as to others, depending upon peculiar relations and circumstances; citing *Larmore v. Iron Co.,* 101 N. Y. 391, 394; *Parker v. Pub. Co.,* 69 Me. 173 (31 Am. Rep. 262); *Railroad Co. v. Griffin,* 100 Ind. 221 (50 Am. Rep. 783).

4. That a party going upon what he knows to be dangerous premises, with no care, with no regard for what he is doing, is guilty of contributory negligence, has been too well established by the decisions of this Court to require citation of authorities. The defendants were entitled to an instruction as to what would be negligence upon a state of facts fairly established by the evidence; citing *Sword v. Keith,* 31 Mich. 247; *Comstock v. Norton,* 36 Id. 277; *People v. Cummins,* 47 Id. 337; *Mynning v. Railroad Co.,* 59 Id. 257.

*John W. McGrath,* for plaintiff, contended:

1. The duty of a landlord to his tenants to keep the way or ways to and from the portions occupied by them safe for travel has been repeatedly affirmed; citing *Elliott v. Pray,* 10 Allen, 378; *Milford v. Holbrook,* 9 Id. 17; *Parker v. Pub. Co.,* 69 Me. 173; *Readman v. Conway,* 126 Mass. 374; *Looney v. McLean,* 129 Id.

33; *Post v. The Guillermo*, 26 Fed. Rep. 921; *Caniff v. Navigation Co.*, 66 Mich. 647; *Powers v. Harlow*, 53 Id. 507.

CAHILL, J. This suit was commenced by declaration to recover for injuries received by plaintiff by his falling through a trap-door in the store of defendants on January 26, 1888.

The building of defendants had, prior to their entry therein, been occupied by one Morehouse as a hardware store. Plaintiff had been employed by Morehouse as a tinsmith. The shop in which he worked was on the second floor. Plaintiff's only means of access to the shop in which he worked for Morehouse was by way of the front door of the store, and up inside stairs; at that time there being no stairs to the rear door of the store. The store fronted west on Main street, and along the south side of it ran Lafayette street. Some months before the accident the defendants came into possession of the store, and plaintiff was permitted to continue his business in the shop he had worked in for Morehouse. Some time after the defendants took possession, the post-office was moved into the store. Up to this time the back door of the store was only used to receive goods in, and not as a way to the store. The testimony tends to show that, after the stairs were put up at the back door of the store, leading from the ground to a platform, most of the people coming to the store from the east entered it by the back door. The stairs and platform were narrow, and without rail.

The trap-door or hatchway through which plaintiff fell was in front of the back door, and from a foot to a foot and a half distant from it. It had been there from the erection of the building, and was used as a way through which to hoist heavy goods from the cellar to the store floor, and through a trap-door overhead to the second floor. Plaintiff, after the back stairs had been put up,

had been accustomed to have his wood taken up the back way, by the load or cord at a time, having it thrown on the platform, and carried up in baskets. It was the custom of those employed in the store in the morning to use the hatchway for throwing up from the cellar the day's supply of wood. This custom was known to the plaintiff. It was also usual to keep the back door locked when the trap-door was open. The door of the hatchway, when opened, rested against a desk, and could be seen by one on the platform, about to enter the door, through the glass, which extended from the latch up. The plaintiff testified that some of the panes of glass were gone, and had been replaced by tin. He said: "I did not look through the window. I couldn't." He was not asked, and did not say, why.

On the morning of the accident the store was opened by Wilber Smith, a son of one of the defendants. The plaintiff entered with him, went up to his shop, built his fire, came down, and went to his breakfast. Wilber Smith testified that he did not see him go out. Soon after the plaintiff and Smith entered, Ernest Brabb, a son of the defendant Brabb, came in. He sprinkled the floor, and began sweeping out. He saw the plaintiff go out. Young Smith, as usual, opened the trap-door, and went down cellar to throw up wood. Ernest Brabb was at the other end of the store, sweeping. Both Smith and Brabb testified that they did not remember having unlocked the back door that morning; but, as there was no evidence that any one else was there who could have done so, the jury must have concluded that they were mistaken. The plaintiff lived north and east from the store, and in returning from breakfast came to the rear of the store from the east, picked up an armful of wood, and, carrying it up the outside stairway, opened the rear door, and stepped in, and in doing so fell through the hatchway,

and was injured.   On hearing the door open, the young man in the cellar, looking up, saw the plaintiff, and called loudly to him; but the plaintiff says he did not hear him. In the fall the plaintiff's leg was broken just above the ankle, and his arm and shoulder badly bruised.

The negligence charged is that the defendants failed to properly guard the hatchway while it was open, or to warn the plaintiff of the danger.   The plaintiff recovered a judgment of $1,000, and the defendants bring error. Errors are assigned upon the admission and rejection of evidence, and upon the charge and refusals to charge of the court, but the principal questions in the case are:

1. Were the defendants guilty of negligence?
2. Was the plaintiff guilty of contributory negligence?

It is not charged that the maintenance of this hatchway was of itself negligent.   Trap-doors, elevator shafts, and similar openings in floors have long been a usual and necessary part of the appliances of business in most warehouses, manufactories, and other business buildings.   The mere fact of their existence and use is no evidence of negligence.   But they are dangerous openings, especially if located in places where they are obscured by darkness, or in such close proximity to doors that a person entering the door may step into them unawares.   The fact of their dangerous character makes it the duty of those maintaining them to properly guard them when they are open.   If, as in the case of this hatchway, it is not practical to guard it with a railing, it has been held that the owner is bound to give actual notice of the danger to every person lawfully approaching the place, and, in default of such notice, he is liable for all injuries resulting therefrom.   Shear. & R. Neg. § 719, and cases cited.

It would  seem, under the circumstances of this case,

that the defendants could only properly guard this hatch-
way by locking the back door when the hatchway was
open, or by stationing some one at the opening to give
actual notice to any one who might approach it. Its
close proximity to the door made it extremely difficult
for one entering the door without notice that the hatch-
way was open to stop in time to save himself from fall-
ing into it. There was abundant evidence tending to
show the defendants' negligence. Young Brabb saw the
plaintiff come down stairs, and go out of the store. He
could not know by which door he would return, as both
doors were used freely by people coming to the store or
post-office. There were two young men in the store at
the time, one of whom ought to have stood guard while
the trap was open. If the back door had been locked,
the accident could not have occurred. One or the other
of these precautions was necessary, and ordinary care
required the defendants and their employés to observe
them.

The question of the plaintiff's contributory negligence
is one of more difficulty. He knew as much about the
location of the trap-door as did the defendants. He knew
that it was customary for defendants to use it at that
time of the day in throwing up wood for the use
of the store. He did not think, upon opening the
door, to stop and examine to see whether the trap was
open before stepping in. Any thought on his part at the
moment would have prevented the accident, and the ques-
tion is a very close one as to whether the duty on his
part of taking care was not as great, under the circum-
stances, as was the duty of the defendants. The control-
ling fact in the case seems to be, however, that the negli-
gence of the defendants' employés was active. The open-
ing of the trap-door was a circumstance which of itself
called their attention to the duty of guarding it. It was

a warning which, with their knowledge of the frequency with which the back door was used, they could not disregard without being guilty of negligence as a matter of law. The plaintiff had no such immediate warning. Neither did he have any reason to apprehend danger. It is a sound rule of law that it is not contributory negligence not to look out for danger when there is no reason to apprehend any. Beach, Contrib. Neg. 41, and cases cited. The authorities cited by the learned commentator go much further than the text, and state the rule to be that every one has a right to presume that others, owing a special duty to guard against danger, will perform that duty. *Grand Rapids, etc., R. R. Co. v. Martin*, 41 Mich. 667 (3 N. W. Rep. 173). As we have said, the question is one of some difficulty, and is not free from doubt. We have held that in such cases the facts should be submitted to the jury. *Palmer v. Harrison*, 57 Mich. 183 (23 N. W. Rep. 624); *Dundas v. Lansing*, 75 Id. 499 (42 N. W. Rep. 1011).

The plaintiff, when on the stand, was allowed to answer this question:

" What is the fact about people waiting about the trap-door for mail?"

And Miss Cargill was allowed to answer the question:

" To what extent was that portion of the store in the rear, right opposite the post-office, used by the public?"

This evidence was objected to by the defendants' counsel, and error is assigned upon its admission. It is claimed that this testimony in no wise tended to show negligence on the part of the defendants in the use of the hatchway at the time of the accident, but that it was likely to prejudice the jury, by conveying the idea that it was negligence for the defendants to have the hatchway at that place at all. We do not see how this

testimony was very material. It might possibly tend to show additional reasons for the exercise of due care by the defendants. The accident occurred at half past 7 in the morning. At that hour, it was not unlikely that people might come into the post-office, and in such case the trap-door would be a source of danger. We cannot say that the admission of this evidence was error.

James McFarlane, a witness for defendants, and long employed as clerk in the store, up to the date of the accident, testified that, when using the trap-door, the back door was usually kept fastened. He was asked:

"What instructions were given by Smith and Brabb in regard to that?"

This was objected to by plaintiff, and excluded. It is claimed by defendants' counsel that they ought to have been allowed to prove that the defendants had given instructions to their employés to keep the back door fastened when the trap-door was open. We do not see how this is material. The injury complained of resulted from the negligence of the defendants' employés in not locking the back door, or properly guarding the trap-door. For this the defendants were liable, and they could not be relieved from such liability by showing that they had given their employés different instructions.

Various errors are assigned by defendants upon the refusal of the court to give certain of their requests to the jury. We have examined them carefully, and are of the opinion that all of the requests that ought to have been were in fact given, in substance, in the charge of the court.

The judgment is affirmed, with costs.

CHAMPLIN, C. J., and LONG, J., concurred. MORSE and GRANT, JJ., did not sit.