BRIDGET MOORE, Respondent, v. HERMAN J. KORTE, Appellant.

St. Louis Court of Appeals, December 27, 1898.

Negligence: DAMAGES. In the case at bar the testimony given for plaintiff warrants the submission of the case to the jury, and their finding has settled the facts as there is nothing in the record to show that they were improperly influenced in reaching their verdict.

*Appeal from the St. Louis City Circuit Court.*—HON. JOHN A. TALTY, Judge.

AFFIRMED.

JOHN B. DEMPSEY for respondent.

I deem it unnecessary to cite authorities in support of a legal proposition that "stands on its own bottom."

JOHN H. BOOGHER and PERRY POST TAYLOR for appellant.

The verdict of the jury is clearly against the weight of the evidence and the preponderance of the testimony shows bias, passion or prejudice on the part of the jury and should be set aside. Friesz v. Fallon, 24 Mo. App. 439; Empey v. Grand Ave. Cable Co., 45 Mo. App. 422; Whitsett v. Ransom, 79 Mo. 258; Spohn v. Railway, 87 Mo. 74; Hipsley v. Railway, 88

Mo. 348 (353). The mere reading of the evidence in this case is the best argument in support of the above proposition; for never in a case was a good and perfect defense more clearly, abundantly and overwhelmingly established. After reading the testimony there can be no doubt that the plaintiff was guilty of the grossest negligence in entering a place so obviously dangerous and fairly bristling with danger signals. The court erred in refusing defendant's second instruction. Kearney v. Railway, 15 Mo. App. 576; Turner v. Railroad, 74 Mo. 602. The court erred in granting the first instruction offered by plaintiff. Cohn v. City of Kansas, 108 Mo. 387 (393); Wilkerson v. Eilers, 114 Mo. 245; Moore v. Hawk, 57 Mo. App. 495. An instruction shall not be given when there is no evidence on which to base it. Wilkerson v. Eilers, 114 Mo. 245; Moore v. Hawk, 57 Mo. App. 495. So too it was error for the court to give of its own motion instruction number 1. There was not a particle of evidence that the defendant "permitted" the hole in the floor "to remain open and unguarded," on the contrary the evidence is overwhelming that it was amply guarded. Wilkerson v. Eilers, *supra;* Moore v. Hawk, *supra.* Defendant's instruction for a nonsuit at the close of plaintiff's case should have been given. Plaintiff's testimony did not reveal any negligence whatever on the part of defendant or his servants or agents. Negligence can not be assumed from the mere fact of an accident and an injury. Yarnell v. Railroad, 113 Mo. 570, loc. cit. 580.

BOND, J.—The plaintiff fell through a trap door in the floor of defendant's store, about the thirteenth of June, 1895, sustaining injuries thereby which confined her to her bed for about one month. She sued before a justice, and upon appeal to the circuit court

had judgment for $50, from which defendant appealed to this court.

On the trial plaintiff testified that she was a customer of defendant and in the habit of buying goods at his store, located at Thirteenth and Biddle street in this city; that at the time of the accident she went there with her market basket on her arm, and while passing through the store to reach a particular counter she suddenly fell into an open trap door which was in the middle of the aisle she was traversing for that purpose; that the aisle in question was customarily used by the patrons of the store, that she neither noticed any obstruction in front of the open trap door nor heard any warning previous to the accident, and knew of no other aisle which she could have taken to reach the desired point.

Defendant introduced much testimony tending to show that the trap door was open that morning for the use of workmen who went into the cellar of the store to work upon the gas pipes; that it was ordinarily covered by a counter upon which boxes of shirts were placed; that certain of these boxes of shirts had been placed so as to obstruct the approach to the open trap door; that he left it otherwise unguarded and unwatched.

The first error assigned is that the judgment is opposed to the weight of the evidence. If this were true it would constitute no ground for interference by this court. The testimony given for plaintiff warranted the submission of the case to the jury, and their finding has settled the facts, as far as this court is concerned, there being nothing in the entire record to show that they were improperly influenced in reaching their verdict.

The next error assigned relates to the instructions given for plaintiff and refused for appellant. The

Moore v. Korte.

former were not incorrect under the state of the record, and the latter were properly refused because fully embraced in those given of the court's own motion, and on behalf of plaintiff. It is not necessary to set out the instructions complained of since appellant's brief grounds the objections made to them rather on the want of evidence for their support than the incorrectness of the legal principles announced, and this contention, as we have seen, is untenable in view of the evidence adduced by plaintiff, which the jury were at liberty to accept and discard that of a contrary tendency given for defendant.

We can not refrain from expressing the opinion that the physical facts in this case tended to support the theory of culpable negligence on the part of the storekeeper, who left an open trap door in one of the aisles of his storeroom ordinarily used by his patrons, with no other safeguard than a partial obstruction to its approach made up of shirt boxes, and we would have been better satisfied to affirm this judgment with ten per cent damages if a request to that effect had been made in respondent's brief.

Finding no reversible error the judgment in this case will be affirmed. All concur.