MONTAGUE, RESPONDENT, v. HANSON, APPELLANT.

(No. 2,565.)

(Submitted February 15, 1909. Decided February 23, 1909.)

[99 Pac. 1063.]

*Personal Injuries—Public Stores—Dangerous Premises—Trap-doors—Complaint—Sufficiency—Duty of Storekeeper to Customers—Verdict — Reasonableness — Instructions—Harmless Error.*

Personal Injuries—Dangerous Premises—Complaint—Sufficiency.

1. The rule that one who by his own act has brought personal injury upon himself must allege in his complaint that he exercised reasonable care and prudence (*Kennon* v. *Gilmer*, 4 Mont. 433), does not apply where the injury was sustained while plaintiff was going into a place which he was invited to enter, by some hidden or unknown cause of the existence of which it was the duty of defendant, who had control of the place, to give him warning.

Same—Storekeepers—Duty to Customers.

2. A storekeeper owes to persons who, in response to an invitation to purchase goods, come to his store, the duty to exercise ordinary care to keep his premises safe, as well as to warn them of any hidden or lurking danger thereon.

Same—Trapdoors—Duty of Defendant.

3. Plaintiff, who, upon entering a store for the purpose of trading, fell into an open and unguarded cellarway which he did not see and of the danger incident to which defendant owner did not apprise him, could, in entering, act upon the assumption that defendant had done his duty to keep the premises safe, and was under no obligation to keep a constant watch to avoid danger.

Same—Evidence—Contributory Negligence—Negligence of Defendant.

4. Evidence *held* sufficient to justify the jury in finding that plaintiff's injury, sustained in falling into an open cellarway in defendant's store, was not due to his contributory negligence, and that defendant storekeeper was negligent is not warning plaintiff of the existence of the danger.

Same—Reasonableness of Verdict.

5. Where plaintiff, a farmer sixty-eight years of age, sustained a dislocated shoulder by a fall into an open cellarway in a public store, was disabled from thereafter attending to his business, and suffered much physical pain, a verdict in his favor for $941.70 was not excessive.

Same—Earning Capacity—Lack of Evidence—Motion to Withdraw from Jury—Refusal—Harmless Error.

6. Where plaintiff failed to introduce evidence touching his loss of earning capacity, the denial of a motion to withdraw from the jury the question of damages sustained on that account, while error, was nonprejudicial, in view of an instruction, subsequently given, which accomplished the same purpose.

Same—Inability to Pursue Established Course of Life—Element of Damage.
  7.   Merely because the earning capacity of plaintiff, a farmer sixtyeight years old, may have been so small as to be a negligible element in making up the estimate of the damages which he could recover, he was none the less entitled to compensation for the destruction of his capacity to pursue his established course of life—an element distinct from loss of earning capacity.

Same—Refusal of Instruction—Non-prejudicial Error.
  8.   The court having instructed the jury that defendant storekeeper was only bound to use ordinary care, and that, if they found that he had discharged the obligation resting upon him to warn plaintiff of the existence of the open cellarway, they should find for defendant, its action in refusing to charge that the mere fact that the cellarway was open for the purpose of obtaining goods from the basement, did not constitute negligence *per se*, was not prejudicial error.   While the instruction might well have been given, the jury must have understood that the mere existence of the trapdoor could not convict the defendant of negligence.

*Appeal from District Court, Custer County; C. H. Loud, Judge.*

ACTION by John W. Montague against Charles Hanson. Judgment for plaintiff, and defendant appeals from it and an order denying him a new trial.   Affirmed.

*Mr. Sydney Sanner,* for Appellant.

Where the complaint shows that a proximate cause of plaintiff's injury was the act of the plaintiff himself, it must also state his freedom from negligence in the doing of the act; otherwise the pleading is bad.   (*Kennon* v. *Gilmer,* 4 Mont. 433, 2 Pac. 21; *Nelson* v. *City of Helena,* 16 Mont. 21, 39 Pac. 905; *Hunter* v. *Montana C. Ry.,* 22 Mont. 534, 57 Pac. 140; *Cummings* v. *Helena & L. S. & R. Co.,* 26 Mont. 434, 68 Pac. 852; *Ball* v. *Gussenhoven,* 29 Mont. 328, 74 Pac. 871; *Nord* v. *Boston & M. C. G. & S. M. Co.,* 30 Mont. 48, 75 Pac. 681.)   That the plaintiff's own act in stepping into the cellarway was a proximate cause of the accident and injury, see *Kennon* v. *Gilmer, Cummings* v. *Helena & L. S. & R. Co.,* and *Hunter* v. *Montana C. Ry., supra,* and *Massey* v. *Seller,* 45 Or. 267, 77 Pac. 397; *Johnson* v. *Ramberg,* 49 Minn. 341, 51 N. W. 1043; *Bedell* v. *Berkey,* 76 Mich. 435, 15 Am. St. Rep. 370, 43 N. W. 308; *Hilsenbeck* v. *Guhring,* 131 N. Y. 674, 30 N. E. 580;

*Schmidt* v. *Bauer,* 80 Cal. 565, 22 Pac. 256, 5 L. R. A. 580; *Dunn* v. *Kemp,* 36 Wash. 183, 78 Pac. 782; *Swanson* v. *Boutell,* 95 Minn. 138, 103 N. W. 886. Where a mere condition exists which is passive and ineffective unless made concurrent with some circumstance, force or event, the circumstance, force or event necessary to make the condition effective is always a proximate cause of whatever may result from the concurrence. (Cases cited, *supra; Missouri Pacific Ry.* v. *Columbia,* 65 Kan. 390, 69 Pac. 338, 58 L. R. A. 399; *Goodlander Mill Co.* v. *Standard Oil Co.,* 63 Fed. 400, 11 C. C. A. 253, 27 L. R. A. 583; *Cole* v. *German S. & L. Co.,* 124 Fed. 113, 59 C. C. A. 593, 63 L. R. A. 416.)

Cognate to the foregoing is the proposition that in a case of personal injury growing out of circumstances in which the injured party was an actor, and his act a proximate cause, the burden is upon him to establish his freedom from contributory negligence. The evidence submitted in plaintiff's behalf not only does not show his freedom from contributory negligence, but it affirmatively shows that he did not exercise ordinary care, and hence the motion for a directed verdict or the motion for nonsuit should have been granted. (Cases cited, *supra; Hutchins* v. *Priestly etc. Co.,* 61 Mich. 252, 28 N. W. 85; *Accousi* v. *Stowers Furn. Co.* (Tex. Civ. App.), 87 S. W. 861; *Greenwell* v. *Washington Market Co.,* 21 D. C. 298; *Gaffney* v. *Brown,* 150 Mass. 479, 23 N. E. 233; *Brenstein* v. *Mattson,* 10 Daly (N. Y.), 336; *Salem-Bedford Stone Co.* v. *O'Brien,* 12 Ind. App. 217, 40 N. E. 430; *Louisville N. & C. Ry.* v. *Shanks,* 94 Ind. 598; *Ballou* v. *Collamore,* 160 Mass. 246, 35 N. E. 463; *Young* v. *New York etc. Ry.,* 107 N. Y. 500, 14 N. E. 434; *Meredith* v. *Cranberry Coal & Iron Co.,* 99 N. C. 576, 5 S. E. 659; *Glascock* v. *Central etc. R. R. Co.,* 73 Cal. 137, 14 Pac. 518.) One is presumed to see what with reasonable care or attention he could see, and it is no excuse that he did not see what he could have seen with reasonable care; failure to do this is contributory negligence. (*Thomas* v. *Boston & Montana etc. Min. Co.,* 34 Mont. 374, 86 Pac. 499, 87 Pac. 972; *Nelson* v. *Boston & Montana etc. Co.,* 35 Mont. 227, 88 Pac. 785.)

*Mr. George W. Farr,* for Respondent.

In this case the plaintiff must be regarded as having been on the premises of the defendant as an invitee by express invitation of the defendant. He was where he had a right to be. For cases defining the word "invitation," and particularly as applying that term, and distinguishing between what is called an implied and an express invitation, the following are in point: *Sweeny* v. *Old Colony etc. R. R. Co.*, 10 Allen, 368, 87 Am. Dec. 644; *Freer* v. *Cameron*, 4 Rich. 228, 55 Am. Dec. 663; *Turess* v. *New York etc. Co.*, 61 N. J. L. 314, 40 Atl. 614; *Bennett* v. *Louisville & R. Ry. Co.*, 102 U. S. 577, 26 L. Ed. 235. From the above authorities it cannot be contended that a person in a store for the purpose of making a purchase is anything but an invitee, as that term is used in a legal sense. The owners of stores have been held liable in those cases where a patron of the store was injured by falling over strips nailed along the floor, used as coverings for soda-water pipes. (*Polenske* v. *Lit Bros.*, 18 Pa. Super. Ct. 474.) Where a customer, upon the invitation of the merchant, placed packages behind the counter, and in going to get them afterward fell through a trapdoor that was shut at the time he deposited the packages (*League* v. *Stradley*, 68 S. C. 515, 47 S. E. 975), it was held that an open trapdoor in the back part of the store where goods were stored was negligence rendering the storekeeper liable for injuries caused thereby to persons coming into that part of the store. (*Pelton* v. *Schmidt*, 104 Mich. 345, 53 Am. St. Rep. 462, 62 N. W. 552.) Where a party undertook at night to cross the back yard of the city hall, as he lawfully might, and fell into a hatchway and was injured, the city was liable for failure to provide a light. (*Lowe* v. *Salt Lake City*, 13 Utah, 91, 57 Am. St. Rep. 708, 44 Pac. 1050.) Authorities on the general proposition as to the duties owed a person upon the premises of another, at the latter's invitation, are found in 6 Current Law, section 2, page 753. Each one of the cases cited by the appellant was a case involving the proposition of plaintiff being present in a place where he had no right to be, where he was not

there by invitation, or upon some private part of the premises of the defendant, and not in the course of his business.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Action for damages for a personal injury. At the time the injury occurred plaintiff was of the age of sixty-eight years. He had been engaged in farming and stockraising, and other pursuits requiring manual labor. The defendant is a merchant residing at Fallon, Custer county, where he keeps for sale a general stock of goods, wares, and merchandise, soliciting the patronage of the people residing in that vicinity and the public generally. The main room of his store building is seventy-five feet in length by twenty feet in width. Underneath is a cellar, reached by a cellar or stairway leading down from the store-room, through an opening in the floor. This opening is covered by a flapdoor when the stairway is not in use. The room is fitted up with conveniences for displaying and selling wares to customers. Two parallel counters extend from the front most of the distance to the rear of the room, leaving an aisle or passageway along the middle. In the space beyond the end of the counter on the right to one entering from the front is a stove for heating purposes, around which in cold weather customers gather for warmth. The opening by which the cellar is reached is also in this space, along the side of the room in close proximity to both the stove and the end of the counter. When the stairway is in use, the flap is lifted and thrown back against the right side of the building. On March 31, 1905, plaintiff drove from his home to the store of defendant to purchase goods. On his arrival he entered by the front door. After alleging these facts in substance, the complaint proceeds: "That he [plaintiff] approached the said defendant, who was standing in the center of the said storeroom, and greeted the said defendant and shook hands with him, and, being cold, advanced from the place where he was and from where the said defendant was standing, along the open public passageway in the said

storeroom, to and in the immediate vicinity of the said stove for the purpose of being made warm by the heat from the said stove, and while so in the said store building by the permission and invitation of the said defendant for the purpose of transacting business with him, the said defendant had negligently and carelessly left the said cellar doorway open to the said cellarway, which was close to and in the immediate vicinity of the said stove and so close to the said stove that persons would necessarily, in proceeding to the said stove or going to the same for the purpose of being made warm, be likely to fall into the said open cellar door. The said defendant negligently and carelessly wholly failed to caution or warn this plaintiff that the said cellar doorway was open or dangerous, and this plaintiff not then knowing of the existence of the said cellar door, or that the same was open, approached the said stove, and, the said cellar door being then by the negligence of the said defendant left open and not in any manner protected, this plaintiff, in consequence thereof, fell through the said open, unprotected cellar doorway and was violently precipitated and thrown down into the said cellar, a distance of about ten feet, and thereby greatly injured and bruised upon his head, arms, and body, and had his right shoulder and the muscles and bones thereof broken and injured, and his right arm and hand injured and disabled, and in consequence thereof such injuries remain and now are permanent.'' It is then alleged that the plaintiff has suffered damage by expenses incurred for medical attention, for anguish and pain, for loss of time, and the result of permanent disability in the sum of $3,000. Judgment is demanded for this amount.

The answer admits that the plaintiff fell into the cellarway as alleged, but denies that the injuries sustained were serious or resulted in permanent disability. It is alleged that the fall was the result of plaintiff's own want of care and circumspection, and as a separate defense defendant charges contributory negligence. Plaintiff had verdict and judgment. Defendant has appealed from the judgment and an order denying him a new

trial. The integrity of the judgment is assailed on several grounds.

1. The first contention made is that the complaint does not state a cause of action, in that it discloses the fact that the injury was caused by plaintiff's own act, and it is nowhere alleged that he was at the time exercising reasonable care and circumspection, or that he was himself free from fault. Counsel invoke with confidence the rule laid down by this court in *Kennon* v. *Gilmer*, 4 Mont. 433, 2 Pac. 21, that, if the complaint shows that the plaintiff's own act was the proximate cause of his injury or proximately contributed thereto, it will be held insufficient unless it goes further and by appropriate allegations shows that the plaintiff was at the time exercising ordinary care and circumspection. The rule declared in this case has been repeatedly recognized by this court. (*Nelson* v. *City of Helena*, 16 Mont. 21, 39 Pac. 905; *Ball* v. *Gussenhoven*, 29 Mont. 321, 74 Pac. 871; *Nord* v. *Boston & Montana Con. C. & S. Min. Co.*. 30 Mont. 48, 75 Pac. 681; *Birsch* v. *Citizens' Electric Co.*, 36 Mont. 574, 93 Pac. 940.) It is based upon the obviously just principle that one who has brought injury upon himself by his own act cannot lay responsibility for it upon another unless he can allege and show that the act causing the injury was impelled by the apparent necessities of a perilous condition brought about by the negligence of such other person. It does not apply to cases where the plaintiff has been injured upon going into a place where he has a right to go, by some hidden or unknown cause, of the existence of which it is the duty of the person having control of the place to give him warning.

The facts alleged show that the plaintiff was not a mere licensee upon the defendant's premises by his silent acquiescence. If this were so, defendant would not have owed him any duty, other than to refrain from doing him willful or wanton injury after being informed of his presence. (*Driscoll* v. *Clark*, 32 Mont. 172, 80 Pac. 1, 373; *Egan* v. *Montana Central Ry. Co.*, 24 Mont. 569, 63 Pac. 831.) He was there to purchase goods in response to an invitation, it matters not whether express or implied, extended to all persons in the vicinity and to the pub-

lic generally, to go there for that purpose.    To all such persons
the defendant owed the duty to use ordinary care to have the
premises safe, as well as to warn them of any hidden or lurking
danger thereon.    On this subject Mr. Thompson, in his work on
Negligence (vol. 1, sec. 968), says: "On the contrary, the owner
or occupier of real property is under the duty of exercising
reasonable or ordinary care and prudence to the end of keeping
his premises safe for the benefit of those who come upon them
by his invitation, express or implied; and if, through a neglect
of this duty, they are, without negligence or fault of their own.
injured by reason of any negligent defect therein, he must pay
damages.    The person so invited to come upon the premises of
the other is entitled to assume that they will be in a reasonably
safe condition.    He must not expose them to hidden dangers
of which they are not aware, but of which he is, or may be,
by the exercise of reasonable care, aware, especially if the dan-
ger is in the nature of a trap.    To bring a case within this rule.
it is not at all necessary that the person invited to come upon
the premises should have had any business that would or would
not be of any benefit to the owner or occupier."    Again the
same author states the rule thus: "The principle is that there
is an implied invitation to members of the public seeking to do
business with the owner or occupier of such building or grounds,
such as he invites the public to do with him, to come into his
building or upon his premises for that purpose; and therefore
that he is under a legal obligation to exercise ordinary or rea-
sonable care to the end of making his premises safe for their
protection—in other words, for the protection of his customers."
(Section 985.)

Judge Cooley, in the third edition of his work on Torts (Vol.
2, p. 1259), says, that when one "expressly or by implication in-
vites others to come upon his premises, whether for business or
for any other purpose, it is his duty to be reasonably sure that
he is not inviting them into danger, and to that end he must
exercise ordinary care and prudence to render the premises rea-
sonably safe for the visit."    In *Carleton* v. *Franconia Iron &
Steel Co.,* 99 Mass. 216, the court, through Mr. Justice Gray.

used this language: "The owner or occupier of land is liable in damages to those coming to it, using due care, at his invitation or inducement, express or implied, on any business to be transacted with or permitted by him, for any injury occasioned by the unsafe condition of the land or of the access to it, which is known to him and not to them, and which he has negligently suffered to exist and has given them no notice of." (*Sweeny* v. *Old Colony & Newport R. R. Co.,* 10 Allen (Mass.), 368, 87 Am. Dec. 644.)    The precaution necessary to be observed extends to unguarded trapdoors in places where customers usually or may lawfully go (*Moore* v. *Korte,* 77 Mo. App. 500; *Engle* v. *Smith,* 82 Mich. 1, 21 Am. St. Rep. 549, 46 N. W. 21; *Massey* v. *Seller,* 45 Or. 267, 77 Pac. 397; *Bennett* v. *Louisville & Nashville R. R. Co.,* 102 U. S. 577, 26 L. Ed. 235), as well as to other sources of danger, such as caustic or other poisonous chemicals with which customers or their property may be brought in contact through lack of knowledge (*Beinhorn* v. *Griswold,* 27 Mont. 79, 94 Am. St. Rep. 818, 69 Pac. 557, 59 L. R. A. 771; *Atlanta Cotton Seed Oil Mills* v. *Coffey,* 80 Ga. 145, 12 Am. St. Rep. 244, 4 S. E. 759).    Where the situation is such that the source of the danger is not or cannot be guarded, the duty to exercise care to warn, such as is reasonably necessary, is imperative, and for failure in this regard the owner must respond in damages. (1 Thompson on Negligence, sec. 993; *Brosnan* v. *Sweetser,* 127 Ind. 1, 26 N. E. 555.)

Recurring to the question at issue, it appears with certainty: That the plaintiff was at defendant's place by invitation as a customer, to purchase goods; that he was in ignorance of the existence of the cellarway; that it was in close proximity to a place to which customers were expected to go; that the defendant was standing by and had notice of plaintiff's presence; that the cellarway was open and unguarded; that defendant failed to notify him of this fact.    This, together with the preceding statement of facts showing the surrounding circumstances, was sufficient to show a duty on defendant's part to warn, by neglect of which he put himself in the wrong, and therefore upon his defense.    Plaintiff was not under obligation to keep constant

watch to avoid danger, because he could act upon the assumption that defendant had done his duty.

2. It is earnestly contended that the evidence is insufficient to sustain the verdict, both because it fails to show that the defendant was at fault, and because it shows affirmatively that the plaintiff was guilty of contributory negligence; but this contention must be overruled. The evidence on the part of plaintiff shows: That, on arriving at the store after driving from his home, he entered by the front door; that, the day being cold, he was bundled up with wraps; that he proceeded along the main aisle or passageway to the end of the counter to reach the stove to warm himself; that he had made use of the stove before for this same purpose and had observed others do it; that he met the defendant at the end of the counter on his right, and shook hands with him; that defendant was standing immediately between the end of the counter and the cellarway and knew that the latter was open; that he did not warn the plaintiff; that that portion of the store was somewhat dark; that plaintiff could not see distinctly because he had come from the light into the darkness, and his eyes had not become accustomed to the change; that he passed on immediately to reach the stove and, not seeing the cellarway, fell into it. The defendant testified that, as he shook hands with the plaintiff, he warned him that the cellarway was in use and open, but that he paid no attention to him. The questions whether the defendant was guilty of negligence in failing to warn the plaintiff, or whether in fact he did warn him, and whether the plaintiff was himself guilty of contributory negligence, taking into consideration all the circumstances, were for the jury, and their finding thereon must be held conclusive.

Some contention is made that the evidence does not show that the plaintiff suffered any serious injury. His testimony tended to show that his shoulder was dislocated, and that he has since been disabled so far that he cannot attend to business of any character, and that his disability has been attended by a great deal of physical pain. It was a matter for the jury to deter-

mine what amount would reasonably compensate him for the condition brought about by the accident. The comparatively small amount of the verdict ($941.70) is not unreasonable.

3. At the close of plaintiff's case defendant's counsel moved the court to withdraw from the jury the question of damages for loss of earning capacity, for that no sufficient evidence, or any evidence, had been introduced upon which an estimate could be based. This motion was denied. It is argued that this action of the court prejudiced the defendant. There was in fact no evidence offered on this subject; the only statement made by the plaintiff being that he had not been able since the accident to pursue his occupation of farming and stockraising, but whatever work he had had done he had been compelled to hire a man to do it. Among the instructions we find the following: "You are instructed in this case that, the plaintiff having failed to produce any evidence in relation to the difference between his earning capacity prior to the accident and his earning capacity thereafter, you cannot consider his loss of earning capacity in reaching a verdict in this case." While it may be conceded that the motion should have been granted, the instruction quoted accomplished the purpose of the motion fully, and the defendant suffered no prejudice. If he was liable at all, the plaintiff was entitled to have damages awarded to him such as would fairly compensate him for all the detriment proximately caused by the injury suffered. (Revised Codes, sec. 6068.) One of the elements to be taken into consideration was the disability to pursue his usual vocation. This element does not include compensation for loss of earning capacity. In a given case the plaintiff's earning capacity may be so small as to be a negligible element in making up the estimate, yet the destruction of his capacity to pursue his established course of life is nevertheless a deprivation for which he is entitled to compensation.

4. Contention is made that the court erred in refusing to submit several instructions requested. Upon careful attention to the several assignments in this connection, we conclude that no prejudice was done. For example, request was made for the following: " (35) If you believe from the evidence in this case

that defendant maintained beneath his storeroom a cellar for the storage of goods used in the conduct of his business, and as a means of access to and exit from said cellar maintained the cellarway in question, and you further believe that the said cellarway was at the time of said accident open in the usual course of defendant's business, for the purpose of obtaining therefrom goods stored therein, then the existence of such opening cannot be considered of itself as negligence.'' There can be no doubt that it is not negligence *per se* for a property owner to maintain a cellarway, as did the defendant in this case, for use in conducting his business, even though, when open and unguarded, it might be considered a trap. (*Accousi* v. *Stowers Furniture Co.* (Tex. Civ. App.), 87 S. W. 861; *Swanson* v. *Boutell,* 95 Minn. 138, 103 N. W. 886; and cases heretofore cited.) In such case the owner is not an insurer of the safety of his customers. He is bound only to use reasonable care to keep his premises in such a condition that those invited there by him may not be unnecessarily exposed to danger (29 Cyc. 453; 1 Thompson on Negligence, sec. 970) ; and, when such an opening is in use, to warn his customers of this fact or to provide suitable guards for it. The court might very well have submitted the proposed instruction. It did instruct the jury, however, that the defendant was bound only to the use of ordinary care, and that if they found that he had discharged the obligation to warn the plaintiff that the cellarway was open and in use, as he shook hands with him upon his approach to the stove, they should find for the defendant. In view of this fact there seems to be no reason for inference that the jury could or did understand that the mere existence of the trapdoor convicted the defendant of negligence.

Let the judgment and order be affirmed.

*Affirmed.*

MR. JUSTICE SMITH and MR. JUSTICE HOLLOWAY concur.