J. G. CHRISTOPHER COMPANY, A CORPORATION, *Plaintiff in Error*, v. A. B. RUSSELL, *Defendant in Error*.

1. Allegations that the defendant was engaged in the general machinery, supply and ship chandlery and hardware business and for that purpose had, and did business in certain store rooms in the City of J.; that said store rooms were open to the general public who were invited by defendant to enter said store rooms and buy goods and merchandise of defendant, and that plaintiff entered the store rooms for the purpose of buying rope and was examining rope with intent to purchase it, sufficiently show a relation of merchant and customer.

2. Those who impliedly invite others upon their premises for purposes of lawful business, are by law required to have and keep the premises in a reasonably safe and suitable condition for the purposes of the particular business; and if a

failure to observe this duty proximately causes injury to one lawfully on the premises in cnnection with the business, compensatory damages may be recovered if the injured person is not at fault.

3. If the negligence of an injured person contributes in any appreciable degree to the injury received by him as a result of another's mere negligence, damages cannot be recovered for the injury under the principles of the common law; and these principles have not been changed by statute in this State except as to injuries to persons and property caused by the running of locomotives, cars and machinery of railroad companies.

4. The law contemplates that in any given case a normal adult person shall take due care of his own safety and protection, which is such care as an ordinarily prudent person would exercise under the circumstances.

5. Where a normal adult person, while exercising such care for his own safety and protection as an ordinarily prudent person would do under the circumstances, is injured as the proximate result of the negligence of another, contributory negligence is not imputed to the injured person.

6. One who conducts a store or place for the sale of goods impliedly if not expressly, invites the public to come into his place of business, and he owes them a duty with respect to their safety which may vary with the circumstances of each case.

7. A customer may, while in a place where the proprietor of a store displays goods for sale, reasonably expect to be in safety, unless warned of danger, not only while making examination or bargain, but also while waiting for delivery of purchases.

8. The reasonable care which persons are bound to take in order to avoid injury to others is proportionate to the probability of injury that may arise to others. And where a person does

what is more than ordinarily dangerous, he is bound to use more than ordinary care.

9. It is not contributory negligence to fail to look out for danger when there is no reason to apprehend any.

10. Evidence examined and found to sustain a verdict and judgment for damages for personal injuries proximately caused by the defendant's negligence, the plaintiff not being guilty of contributory negligence.

Writ of error to the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the court.

*H. H. Buckman,* for Plaintiff in Error;

*B. B. Shields* and *Bryan & Bryan,* for Defendant in Error.

WHITFIELD, C. J.—In an action brought by A. B. Russell, against the J. G. Christopher Company to recover damages for personal injuries sustained by Russell, the declaration in effect alleges in the first count that the J. G. Christopher Company was on May 22nd, 1908, engaged in the general machinery, supply and ship chandlery and hardware business and for that purpose had and did business in certain store rooms in the city of Jacksonville, Florida; that a hole six feet by four feet existed in the floor of one of the store rooms opening into a basement below said floor; that defendant carelessly and negligently permitted and caused said hole to be left open and without sufficient guard, covering or warning; that said store room, with said hole so carelessly and negligently open and uncovered, was open to

13—Vol. 63.

the general public, who are invited by defendant to enter said store room and buy goods and merchandise of defendant; that on the date mentioned, the plaintiff, the captain of a vessel, entered the store room for the purpose of buying rope, and had no knowledge or notice of the existence of the hole; that plaintiff was examining certain rope with intention of purchasing it, and stepped into said hole so carelessly and negligently left open and uncovered, the plaintiff falling to the basement, and by reason of and as a direct result of said negligence and carelessness of the defendant, plaintiff was injured. In the second count similiar language is used with the additional allegation that it being late in the afternoon and dark in the store room, the plaintiff did not see the hole. The third count differs only in alleging that the plaintiff was being shown by a servant or agent of the defendant certain rope, and was examining the rope with the view of purchasing the same; that said agent or servant of defendant wholly failed and neglected to warn plaintiff of the existence of said hole. A demurrer to the declaration was overruled. The defendant filed a plea of not guilty and three special pleas tendering issues as to the public nature of the store room where the injury occured and the right of the plaintiff to be therein and of contributory negligence. Issue was joined on all the pleas and the cause was by consent tried by Hon. F. P. Fleming, Jr., a practicing attorney, as referee. Judgment awarding $1000.00 damages to the plaintiff was rendered. A motion for new trial was denied and exceptions noted. The defendant took writ of error.

It is suggested that the demurrer to the declaration should have been sustained, because it does not sufficiently show that the plaintiff was on the defendant's premises by invitation or as matter of right and not as a tres-

passer or mere licensee. The allegations of the declara
tion above stated sufficiently show a relation of merchant
and customer actually existing between the plaintiff and
defendant in the merchant's place of business into which
the public, including the plaintiff was impliedly invited.
If the evidence shows liability of the defendant, the
damages awarded are not clearly excessive in view of the
nature of the plaintiff's injury and suffering and conse-
quent losses as disclosed by the evidence. The important
consideration, therefore, is whether the evidence shows
the alleged negligence of the defendant to have been the
proximate cause of the injury to the plaintiff, without
any appreciable contributory negligence by the plaintiff.

Counsel for the plaintiff in error makes a very forceful
presentation of the view that the proximate cause of the
injury was the plaintiff's own negligence. If the facts
and circumstances of the injury support this contention,
there should be no recovery. But a careful considera-
tion of the facts in connection with applicable principles
of law impel a conclusion of liability on the part of the
defendant.

Those who inpliedly invite others upon their premises
for purposes of lawful business, are by law required to
have and keep the premises in a reasonably safe and suit-
able condition for the purposes of the particular business;
and if a failure to observe this duty proximately causes
injury to one lawfully on the premises in connection
with the business, compensatory damages may be recover-
ed if the injured person is not at fault.

If the negligence of the injured person contributes in
any appreciable degree to the injury received by him as
a result of another's negligence, damages cannot be recov-
ered for the injury under the principles of the common
law; and these principles have not been changed by

statute in this State except as to injuries to persons and property caused by the running of the locomotives, cars and machinery of railroad campanies.

The law contemplates that in any given case a normal adult person shall take due care for his own safety and protection, which is such care as an ordinarily prudent person would exercise under the circumstances.

Where a normal adult person, while exercising such care for his own safety and protection as an ordinarily prudent person would do under the circumstances, is injured as the proximate result of the negligence of another, contributory negligence is not imputed to the injured person.

One who conducts a store or place for the sale of goods impliedly, if not expressly, invites the public to come into his place of business, and he owes them a duty with respect to their safety which may vary with the circumstances of each case.

A customer may, while in a place where the proprietor of the store displays goods for sale, reasonably expect to be in safety, unless warned of danger, not only while making examination or bargain, but also while waiting for delivery of purchases. See McDermott v. Sallaway, 198 Mass. 517, 85 N. E. Rep. 422, 21 L. R. A. (N. S.) 456; Engel v. Smith, 82 Mich. 1, 46 N. W. Rep. 21, 21 Am. St. Rep. 549; Bennett v. Railroad Co., 102 U. S. 577; Freer v. Cameron, 4 Rich. L. (S. C.) 228, 55 Am. Dec. 663; Wilsey v. Jewett Bros. & Co., 122 Iowa 315, 98 N. W. Rep. 114; Rosenbaum v. Shoffner, 98 Tenn. 624, 40 S. W. Rep. 1086; Reid v. Linck, 206 Pa. St. 109, 55 Atl. Rep. 849; Welch v. McAllister, 15 Mo. App. 492; Montague v. Hanson, 38 Mont. 376, 99 Pac. Rep. 1063; 2 Shearman & Redfield on Neg. (5th Ed.) Sec. 719; 2 Cooley on Torts (3rd Ed.) 1258.

The reasonable care which persons are bound to take in order to avoid injury to others is proportionate to the probability of injury that may arise to others. And where a person does what is more than ordinarily dangerous, he is bound to use more than ordinary care. Brosnan v. Sweetser, 127 Ind. 1, 26 N. E. Rep. 555.

It is not contributory negligence to fail to look out for danger when there is no reason to apprehend any. Engel v. Smith, 82 Mich. 1, 46 N. W. Rep. 21, 21 Am. St. Rep. 549.

Conflicts in the evidence have in effect been settled by the referee in finding for the plaintiff. The evidence shows that the plaintiff entered the defendant's place of business as did other customers, and in purchasing rope made a personal examination of it in the store room where it was kept. The clerk who sold the plaintiff the rope left the room and only a colored porter remained in the room with the plaintiff, who in pulling the rope out of the coil and taking the kinks out of it, and in backing so as to get some rope to measure it, stepped into the hole in the floor used as a hatchway forty-five feet from the coil of rope and falling into the basement below was injured. Walking backwards in a store room is not *per se* negligence in law.

It appears there was sufficient light in the room and the plaintiff could have seen the hole if he had not been walking backwards. Plaintiff was properly in the room. He had a right to examine the rope he was purchasing, and it does not appear that in doing so he could under no circumstances with propriety or in accordance with natural or ordinary conduct walk backwards as he did with the rope in his hands to get the kinks out of it. He was in a store room which he had a right to assume was

safe, and there was appearently nothing to put him on inquiry as to existing dangers. He apparently did not see the hole in the floor and had no knowledge or notice of it, though the defendant's colored porter was with him, and for ought that appears reasonably could and should have observed the danger and warned him in time. Walking backwards under these circumstances was not negligence as matter of law. Where injury caused by the defendant's negligence appears, contributory negligence is an affirmation defence; and where contributory negligence is not sufficiently disclosed in the case made by the plaintiff, so as to bar a recovery, it is incumbent upon the defendant to show it in evidence under a proper plea to avoid his liability.

It is contended by the plaintiff in error that the plaintiff knew there was a basement under the store room; and that in walking backwards as he did he was guilty of such contributory negligence as precludes recovery.

It was not shown that under the circumstances it was improper or even unusual or unnatural conduct for the plaintiff to walk backwards in examining the rope and in getting the kinks out of it, even though it was not incumbent upon him to handle the rope in making the purchase. He was left in the store room by the clerk who sold him the rope, and the defendant's porter was with him when he was handling the rope he had purchased; and when he was walking backwards with the rope in his hands and fell in the unguarded hatchway. Walking backwards and pulling the rope may be a usual and proper way to get the kinks out of it; and there is nothing to indicate that the plaintiff knew or reasonably should have known of the hole behind him. Apparently he was not warned of the danger by the colored porter who was with him, and even if he reasonably should have known

there was a hatchway in the floor, he had a right to assume it was safely guarded or that he would be notified of any danger not apparent to him. The defendant's porter who should have known of the danger and given warning of it, was with the plaintiff when he was walking backwards and fell through the open and unguarded hole. In walking backwards, the plaintiff passed around a post, but that was of itself no notice of the open and unguarded hatchway seven feet beyond the post. Walking backwards was a proximate cause of the injury, but no negligence in doing so under the circumstances is shown. There is no showing that the plaintiff did not exercise such care as an ordinarily prudent man would have done under the circumstances.

The efficient approximate cause of the injury which contains the element of imputable negligence, was the existence of the open unguarded hatchway in the floor of the defendant's store room where the plaintiff properly was, through which hole the plaintiff fell while apparently acting within his rights in a way apparetnly not *per se* wrong or even unusual and not shown to have been improper or unusual or unnatural under the circumstances, he not having had notice or knowledge of the danger.

It does not appear that the plaintiff failed to exercise due care for his own safety under the conditions surrounding him when he was injured.

This case is wholly unlike that of German-American Lumber Co. v. Hannah, 60 Fla. 70, 53 South. Rep. 516, cited by plaintiff in error. In that case an employee needlessly subjected himself to dangers that were obvious or of which he reasonably should have known. Other cases cited are not analogous to this one and are not controlling here.

Upon a careful consideration of the entire evidence, it does not appear that the referee was not justified in finding that negligence of the defendant was the proximate cause of the plaintiff's injury, and that the plaintiff was not guilty of contributory negligence so as to bar recovery.

The judgment is affirmed.

TAYLOR, SHACKLEFORD, COCKRELL AND HOCKER, J. J., concur.